PER CURIAM.
The plaintiff moves for a dismissal of the appeal herein taken by one of the defendants, Fernando Roses, on the ground that said defendant had not the right to appeal because the judgment is interlocutory and caused appellant no irreparable injury.
This suit was filed on January 17, 1948. On May 18, 1953, the other defendant moved below for a dismissal of the suit on the ground that it had been abandoned as a result of want of prosecution for a period of more than five years. The motion was based on the provisions of LSA-C.C. art. 3519, which in part reads as follows :
“Whenever the plaintiff having made his demand shall at any time before obtaining final judgment allow five years to elapse without having taken any steps in the prosecution thereof, he shall be considered as having abandoned the same. * * * ”
On the same day the judge ordered a dismissal of the suit. Two days later the plaintiff filed a motion in which she suggested to the court that the order entered on May 18, 1953, had been improvidently issued in that the certificate of the deputy clerk incorrectly set forth that the last docket entry, noting the filing of a bond for costs, appeared under date of April 14, 1948, when as a matter of fact the docket should have shown that the bond for costs had been filed by plaintiff on April 14, 1950. A rule nisi was issued commanding both defendants to show cause on a day fixed by the court why the judgment dismissing the suit should not be recalled, rescinded, and set aside. On June 5, 1953, after a trial on the rule, the judge rendered judgment recalling and rescinding his previous order which dismissed the suit. It is from that judgment this appeal has been taken.
The motion to dismiss the appeal presents the questions whether the judgment of June 5, 1953, which had the effect of reinstating the suit, was interlocutory, and if interlocutory, whether the appellant has been irreparably injured thereby.
Code Prac. art. 566 provides:
“One may likewise appeal from all interlocutory judgments, when such judgment may cause him an irreparable injury.”
The only expression of an appellate tribunal on the precise questions to be determined emanated from our predecessors in the unreported case of Schroeder v. Conner, No. 7188 of our docket, Opinion Book No. 53, -see Louisiana Digest, wherein it was said:
“This last judgment was interlocutory. * * * It is evident that the action of the court upon the rule refusing to decide that plaintiff had abandoned his suit did not cause the defendant any ‘irreparable injury,’ and therefore did *332 'riot entitle him to appeal therefrom separately and independently from the judgment on the merits. It would have been different had the rule been made absolute and the case stricken from the docket. IR 513-19A 166-30A 309-3SA 766-36A 237-38A 249-43A 375-44Á 894.”
The court further said:
“We have therefore come to the conclusion that the judgment of the lower court refusing to order that plaintiff had abandoned this suit comes up for review by this Court on the appeal from the judgment on the merits without the necessity of an express appeal from the order itself at the time of the appeal from the judgment on the merits.”
,We adhere to what was said in the cited case. The judgment is merely interlocutory and can cause appellant no irreparable injury, as he may have it reviewed on the appeal from the judgment on the merits of the cause.
It has been called to our attention that during the progress of- the trial on the rule, counsel stipulated that the judgment to be rendered will be considered by the parties as a definitive and final judgment from which defendants could appeal. We are constrained to ignore this stipulation as it manifests an attempt by counsel to confer jurisdiction on this court to review a judgment from which, under the law, no appeal will be. Jurisdiction cannot be so conferred. Code Prac. art. 92 reads in part as follows:
“The consent of parties can not render a judge competent to try a cause which, from its nature, can not be brought before him, * *
For the reasons assigned, the motion to dismiss the appeal is sustained, and the appeal is to stand as dismissed.
Motion sustained.
Appeal dismissed.