295 So.2d 8 (1974)
Diane TREME
v.
John DOE et al.
Ronald TREME
v.
John DOE et al.
No. 6234.
Court of Appeal of Louisiana, Fourth Circuit.
May 10, 1974.
David A. Kattan, New Orleans, for plaintiffs-appellants.
Porteous, Toledano, Hainkel & Johnson, John J. Hainkel, Jr., New Orleans, for defendants-appellees.
Before LEMMON, and STOULIG, JJ., and BOURG, J. Pro Tem.
STOULIG, Judge.
Plaintiffs, Diane Treme and Ronald Treme, each filed separate tort actions in the 24th Judicial District Court for the Parish of Jefferson, their domicile, seeking to recover damages sustained in an automobile accident which occurred in Red River Parish.[1]
These suits were consolidated for trial purposes. Defendant Allstate Insurance Company moved for and after a contradictory hearing obtained a judgment granting a change of venue and ordering the cases transferred to Red River Parish, the locale of the accident. Plaintiffs have appealed, maintaining that the judgment granting a change of venue is invalid being in violation *9 of the express provisions of LSA-C. C.P. art. 123.
We dismiss this appeal for want of jurisdiction. The judgment complained of is interlocutory in nature because it determines a preliminary matter, i. e. the issue of venue, and does not adjudicate the merits. (LSA-C.C.P. art. 1841) This court may only review final judgments or interlocutory judgments that cause irreparable injury. (LSA-C.C.P. art. 2083) No showing of irreparable injury has been made. See Communication C. Net., Inc. v. Burger Chef of La., Inc., 291 So.2d 849 (La.App. 4th Cir. 1974).
For the foregoing reasons the appeal is dismissed; all costs to be borne by the appellants.
Appeal dismissed.
LEMMON, J., dissents with written reasons.
LEMMON, Judge (dissenting).
I disagree that this court has no jurisdiction to reverse the patently erroneous judgment of the trial court over which we have both appellate and supervisory jurisdiction.[1] The true issue is whether the judgment is appealable, which is a different issue from that of whether this court has the power and authority to review the judgment. If the judgment is not appealable (C.C.P. art. 2083), we decline to review on the basis of legislative policy rather than constitutional jurisdiction.
The policy of limiting appeals of right to final judgments and judgments which may cause irreparable injury is based on considerations of (1) discouraging piecemeal appeals by sporadic review of interlocutory orders, and (2) preventing dilatory misuse of an appeal of right.[2] Using this reasoning, the court in Broussard v. Liberty Mut. Ins. Co., 204 So.2d 714 (LaApp. 3rd Cir. 1967), dismissed an appeal from a judgment transferring the case from Vermillion to Iberia Parish. However, the plaintiff, accepting a hint in the opinion, then applied for supervisory writs of review of the same judgment, and the court granted the review and reversed the judgment. Broussard v. Liberty Mut. Ins. Co., 210 So.2d 411 (La.App. 3rd Cir. 1968), noted XXIX La.L.Rev. 277 (1969).
The majority in this case and another panel of this court in the Communication Counselors case (relied on by the majority) apparently agrees that this procedure must be used. I disagree.
When a litigant requests a review by a pleading entitled "Appeal" rather than "Application for Supervisory Writs," we are violating the policy of judicial efficiency by declining the review because of the name on the pleading and requiring the litigant to refile the essentially same pleading with a different title. The Broussard case required two separate considerations by the appellate court and two opinions, rendered almost seven months apart.
In my opinion plaintiff is ultimately entitled to have the judgment reversed.[3] Our *10 choice is (1) to dismiss the appeal, require plaintiff to apply for supervisory writs, and then have another panel of this court consider anew the identical issue which has been briefed and argued to us, or (2) treat the present appeal as an application for supervisory writs and correct the erroneous judgment now under our supervisory jurisdiction. Judicial efficiency and substantial justice would be better accomplished under the latter procedure.
NOTES
[1] Two other suits arising out of the same accident but with different plaintiffs were filed in the 19th Judicial District Court for the Parish of East Baton Rouge. These actions were consolidated and ordered transferred to Red River Parish, prior to the rendition of judgment in the instant matters.
[1] C.C.P. art. 123 prohibits the transfer of a case to another district court when the suit was brought in the parish of the plaintiff's domicile and the district court in that parish is a court of competent jurisdiction and proper venue.

The 24th Judicial District Court is one of competent jurisdiction for a tort action, and the Parish of Jefferson (where plaintiff is domiciled) is a court of proper venue, either against the individual defendant (who is domiciled in Jefferson) under C.C.P. art. 42 or directly against that defendant's insurer under LSA-R.S. 22:655.
[2] See comment by Justice Albert Tate, Jr. in XXIX La.L.Rev. 269, 277.
[3] The interlocutory judgment in the present case does not cause irreparable injury in the sense that the judgment conceivably can be corrected by a reviewing court after a trial on the merits in Red River Parish. Correction at that time, of course, necessitates wasted efforts and expense by the litigants, the lawyers, the witnesses, the court personnel and the trial judge.