311 So.2d 493 (1975)
Mr. and Mrs. William R. VERNOR
v.
DREXEL HOMES, INC.
No. 6778.
Court of Appeal of Louisiana, Fourth Circuit.
April 15, 1975.
Pierre F. Gaudin, Gretna, for plaintiffs-appellees.
Charles W. Fasterling, New Orleans, for defendant-appellant.
Before SAMUEL, LEMMON and BOUTALL, JJ.
PER CURIAM.
Defendant has appealed from the denial of its motion to dismiss plaintiffs' suit pursuant to C.C.P. art. 561 on the grounds that the action was abandoned for failure to take any steps in the prosecution for a period of five years.
C.C.P. art. 2083 authorizes an appeal only from a final judgment or from an interlocutory judgment which may cause irreparable injury. The purpose of the limitation is to discourage piecemeal appeals and to prevent dilatory misuse of the right to appeal.
The ruling complained of in the present case did not determine the merits of the case in whole or in part and was not a final judgment. C.C.P. art. 1841. Furthermore, the ruling will not cause defendant irreparable injury, since his alleged right to dismissal can be adequately reviewed at the time of an appeal from the final judgment which ultimately determines the merits of the case. Mariano v. Fidelity & Casualty Co. of New York, 68 So.2d 330 (La.App.Orl.1953). Accordingly, the appeal is dismissed.
Appeal dismissed.
LEMMON, J., concurs specially and assigns reasons.
LEMMON, Judge (concurring specially).
I have considered treating this appeal as an application for supervisory writs under C.C.P. art. 2201, inasmuch as our supervisory jurisdiction is exercisable at the complete *494 discretion of the court.[1] See Tate, Supervisory Powers of the Louisiana Courts of Appeal, XXXVIII Tul.L.Rev. 429 (1964). However, since we normally do not exercise our supervisory jurisdiction unless there is palpable error in the ruling complained of (See XXXVIII Tul.L.Rev. 429, 440), and I find none in the record before us in the present case, I concur in the dismissal of the appeal.[2]
NOTES
[1] In Treme v. Doe, 295 So.2d 8 (La.App. 4th Cir. 1974) this court dismissed an appeal on the grounds that the judgment (although clearly erroneous) was not appealable. The appellant then made a separate application for supervisory writs, and the court granted the writ and set aside the judgment.

The same procedure was used and the same result reached in Broussard v. Liberty Mutt. Ins. Co., 204 So.2d 714 (La.App.3rd Cir. 1967) and 210 So.2d 411 (La.App.3rd Cir. 1968), noted XXIX La.L.Rev. 277 (1969).
[2] Defendant had joined three parties as third party defendants. Two were dismissed, apparently pursuant to a compromise with plaintiff, on motion filed jointly by defendant and plaintiff on February 27, 1969.

On March 11, 1970 plaintiff moved to fix the case from trial on the merits. The trial judge denied the motion (although he could have ordered separate trials of the principal and incidental actions under C.C.P. art. 1038), on the grounds that the third party defendant had not filed an answer and no preliminary default was taken against this party.
The record indicates no further action until the motion to dismiss was filed on November 20, 1974.