LEMMON, Justice,
concurring in reinstatement of appeal.
An appeal may be taken from an interlocutory judgment which may cause irreparable injury. C.C.P. Art. 2083. When the error complained of in an appeal from an interlocutory judgment cannot as a practical matter be corrected in a subsequent appeal from the final judgment, then the injury is irreparable.
In the present case, plaintiff sought to have a court reporter transcribe the proceedings before the medical review panel in a malpractice case. When the trial judge denied plaintiffs request, plaintiff appealed. If plaintiff is entitled to have the proceeding transcribed and if the trial court erred in denying plaintiff’s request, then he must have relief now or never. There is no adequate remedy by an appeal after a final judgment on the merits of the case. Therefore, this judgment causes irreparable injury and is appealable.
*774 Since this is the type of judgment which should be reviewed immediately in order to prevent delay in the litigation, perhaps the preferable procedure would have been for plaintiff to apply for supervisory writs and for the court of appeal to review the judgment immediately on the merits of the application. The procedural scheme governing appealable interlocutory judgments and supervisory writs needs some clarification and modification, but plaintiff is entitled to immediate review by some procedure.[1]

. An absurd result could have occurred under the court of appeal judgment, which dismissed the appeal as one taken from a non-appealable judgment. Plaintiff could still have applied for supervisory writs, since the judgment was not final. Then, another panel of the court of appeal would have been required to review the merits of an issue which the present panel had just refused to review because plaintiff chose to write “Appeal” instead of “Writ” at the top of his pleading requesting review.
That is exactly what happened in Treme v. Doe, 295 So.2d 8 (La.App. 4th Cir. 1974), in which the first panel of the court of appeal dismissed plaintiffs appeal on the basis that plaintiff should have applied for supervisory writs, and a second panel, on plaintiff’s subsequent application for supervisory writs to review the same ruling of the trial court, granted plaintiff the relief to which he was clearly entitled.