786 So.2d 253 (2001)
Vyron L. BROWN d/b/a Soul Contractors, Plaintiff-Appellee,
v.
CITY OF SHREVEPORT URBAN DEVELOPMENT, et al, Defendants-Appellants.
No. 34,657-CA.
Court of Appeal of Louisiana, Second Circuit.
May 9, 2001.
*254 Terri Anderson-Scott, Counsel for Appellants.
Vyron L. Brown, In Proper Person.
Before BROWN, WILLIAMS and CARAWAY, JJ.
CARAWAY, Judge.
In this case, the trial court initially issued an ex parte order of dismissal of plaintiffs case for abandonment of the action under La. C.C.P. art. 561; later, after a contradictory hearing, the trial court reversed the dismissal. The defendants appeal the trial court's ruling. Finding no right to an appeal of the interlocutory ruling, we dismiss the appeal.

Facts
On May 19, 1994, Vyron L. Brown ("Brown") filed suit to enforce a $9,160.00 laborer's and materialman's lien for house painting completed during April, 1993, in conjunction with the "Paint Your Heart Out" project involving the City of Shreveport and other defendants (hereinafter collectively referred to as the "City"). Subsequently, on February 29, 2000, the City moved to dismiss the suit for abandonment pursuant to the provisions of La. C.C.P. art. 561. As noted in the City's motion for dismissal and reflected by the record, the last step taken in the prosecution of the *255 case was a Motion to Withdraw Appeal filed by Brown on January 14, 1997.[1]
The certificate of service attached to the motion to dismiss indicates that Brown's counsel of record was served with the pleading. Pursuant to the self-operative provisions of La. C.C.P. art. 561(A)(2), the trial court entered its order dismissing Brown's suit with prejudice on March 1, 2000. Thereafter, Brown moved to set aside the dismissal on May 3, 2000. The trial court set the matter for hearing on June 19, 2000. After argument, the trial court set aside its earlier order dismissing the suit and set the case for trial on December 15, 2000.[2] The City requested and was granted a devolutive appeal from this order on August 29, 2000. Finding that no final, appealable judgment has been rendered in these proceedings, we now dismiss the appeal.

Finality of Abandonment Orders Under La. C.C.P. art. 561
The record that discloses that two relevant orders or judgments occurred under the provisions of La. C.C.P. art. 561. Article 561, which was significantly revised in 1997[3], provides in pertinent part, as follows:
A. (1) An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years....
(2) This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been taken for a period of three years in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment. The order shall be served on the plaintiff pursuant to Article 1313 or 1314, and the plaintiff shall have thirty days from date of service to move to set aside the dismissal. However, the trial court may direct that a contradictory hearing be held prior to dismissal.
Even after the 1997 revision, Article 561 still reflects a largely self-operative procedure, where abandonment accrues "without formal order," and the trial court, by looking at the record alone without a contradictory hearing, issues an initial ex parte order dismissing the suit. See, original Comments La. C.C.P. art. 561. Regarding the finality of the ex parte order, both before and after the 1997 revision, appellate courts have considered the order dismissing the case as an interlocutory ruling or have held that the dismissal must be without prejudice. De Salvo v. Waguespack, 187 So.2d 489 (La.App. 4 Cir. 1966); Simmons v. Dixon, 306 So.2d 67 (La.App. 1 Cir.1974); Domonter v. Breaux Bridge Partnership, 99-1226 (La.App. 3 Cir. 2/2/00), 758 So.2d 828; Adams v. Cytec Industries, Inc., 99-2563 (La.App. 4 Cir. 6/14/00), 767 So.2d 135; and Morrison v. Dillard Department Stores, Inc., 99-2060 (La.App. 1 Cir. 9/22/00), 769 So.2d 742; writ denied, XXXX-XXXX (La.2/2/2001), *256 784 So.2d 646. To the contrary, however, in Yates v. Bailey, 34,274 (La.App. 2 Cir. 12/6/00), 774 So.2d 1103, when the plaintiff chose to forego his right to challenge the ex parte order of dismissal in the trial court and appealed, this court refused to follow Domonter and Adams and considered the ex parte order of dismissal in that dispute as a final appealable judgment.
In this case, the City obtained the first judgment ex parte on March 1, 2000, pursuant to La. C.C.P. art. 561. The order dismisses Brown's suit "with prejudice." The thrust of the City's appeal is that this judgment of dismissal should be enforced.
The March 1 judgment does not comport with the definition of an interlocutory judgment under La. C.C.P. art. 1841[4] since the case was disposed of as a whole. Nevertheless, for the purposes of appeal, the finality of such judgment is governed procedurally by both the special thirty-day right of the plaintiff to set aside the judgment under La. C.C.P. art. 561 and the general rule governing notice of final judgment pursuant to La. C.C.P. art. 1913.[5]
The record in this case does not reveal whether Brown complied with the thirty-day period for the plaintiff's challenge under Article 561. We have no evidence of the City's service of the March 1, 2000 judgment on Brown pursuant to either La. C.C.P. art. 1313 or 1314. No certificate of service pursuant to Article 1313(B) was filed in the record nor is there evidence of service by the sheriff under Article 1314. Finally, the record does not contain a transcript of the June 19, 2000 hearing. Therefore, we have no evidence indicating if or when the City served the March 1, 2000 judgment on Brown.
Also significant is the lack of notice of judgment of the March 1, 2000 order of dismissal. For the order of dismissal to be considered as a final, appealable judgment, notice of judgment pursuant to La. C.C.P. art. 1913(C) is essential. The record contains no certificate of the clerk evidencing mailing of notice of the judgment pursuant to Article 1913(D). Therefore, we conclude that the March 1, 2000 judgment of the trial court dismissing plaintiff's case with prejudice did not become a final, appealable judgment.
The trial court's second judgment is the June 29, 2000 ruling which set aside the March 1, 2000 judgment of dismissal. This judgment recites that the trial court received evidence and assigned oral reasons for the judgment. Nevertheless, the record reveals no transcript of the hearing or documentary evidence pertaining to the June 29, 2000 judgment.
Clearly, the June 29, 2000 ruling rejecting the City's abandonment defense and reinstating the case for trial is an interlocutory ruling under La. C.C.P. art. 1841. The jurisprudence does not indicate that such a ruling is appealable of right under *257 La. C.C.P. art.2083 as an interlocutory judgment causing irreparable injury, and we do not view the ruling as falling under that provision. See, Mariano v. Fidelity & Casualty Co. of New York, 68 So.2d 330 (La.App.Orl.1953); Vernor v. Drexel Homes, Inc., 311 So.2d 493 (La.App. 4 Cir.1975). The City did not seek supervisory review from this court within thirty days of the ruling pursuant to U.R.C.A. Rule 4-3, but instead sought a devolutive appeal. Accordingly, the trial court's June 29, 2000 interlocutory ruling likewise does not present us with a final, appealable judgment. There being no support in the record or in the law for the City's right to appeal, the City's appeal is dismissed. La. C.C.P. art. 2162.
Costs of appeal are assessed to appellant.
APPEAL DISMISSED.
NOTES
[1] The record reflects that a Motion to Enroll as Counsel was filed by Larry English on July 21, 1998. The jurisprudence indicates that a motion to withdraw or enroll as counsel or to substitute counsel are not considered formal steps before the court in the prosecution of a suit. Chevron Oil Co. v. Traigle, 436 So.2d 530 (La.1983); Willey v. Roberts, 95-1037 (La. App. 1 Cir. 12/15/95), 664 So.2d 1371; writ denied, 96-0164 (La.3/15/96), 669 So.2d 422.
[2] The judgment setting aside the dismissal reflects that argument was heard and evidence adduced; however, there is no documentary evidence or transcript of hearing included in the record on appeal which would serve to elucidate the trial court's ruling.
[3] The provisions of La. C.C.P. art. 561 may be applied retroactively. See, Bourgeois v. Veal, 99-0786 (La.5/7/99), 740 So.2d 1291.
[4] La. C.C.P. art. 1841 provides, in pertinent part, as follows:

A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment.
A judgment that determines the merits in whole or in part is a final judgment.
[5] La. C.C.P. art.1913 provides, in pertinent part, as follows:

A. Notice of the signing of a final judgment, including a partial final judgment under Article 1915, is required in all cases.
* * *
C. Except as otherwise provided by Article 3307, in every contested case, notice of the signing of a final judgment, including a partial final judgment under Article 1915, shall be mailed by the clerk of court of the parish where the case was tried to the counsel of record for each party, and to each party not represented by counsel.