h JOAN BERNARD ARMSTRONG, Judge.
We will dismiss this appeal for the following reasons. The plaintiffs, Patricia Bonorden and Michael S. Gonzales, individually and on behalf of the minor child, Elizabeth Gonzales, sued for personal injury. The defendants, Gertrude Gardner Realtors, Inc. and CNA Insurance Company, obtained an ex parte order of dismissal *301 for failure to prosecute pursuant to Article 561 of the Code of Civil Procedure. The plaintiffs filed a timely motion to vacate the Article 561 dismissal. The trial court granted the motion to vacate and entered a judgment vacating the dismissal. The defendants have brought the present appeal from that judgment vacating the dismissal. The plaintiffs have moved to dismiss the appeal.
A judgment vacating an Article 561 dismissal is an interlocutory judgment, not a final judgment, and does not cause irreparable injury, and, therefore, is not appeal-able. Brown v. City of Shreveport Urban Development, 34,657 (La.App. 2 Cir. 05/09/01), 786 So.2d 253; Mariano v. Fidelity & Cas. Co. N.Y. 68 So.2d 330 (La. App. Orleans 11/30/53). See also Reed v. Finklestein, 2001-1015 (La.App. 4 Cir. 01/16/02), 807 So.2d 1032 (judgment denying Article 561 dismissal not appealable); Vernor v. Drexel Homes, Inc., 311 So.2d 493 (La.App. 4th Cir.1975) (same). Therefore, an appeal of a judgment vacating an Article 561 dismissal must be dismissed. Id.
The defendants request in the alternative that their appeal be converted to a supervisory -writ application and cite Reed in support of that request. However, in Reed, the trial court had (incorrectly) designated the judgment as a final judgment and found no just reason for delay and, even more importantly, the plaintiffs in Reed did not object to immediate review by this court. In the present case, the trial court made no such designation and the plaintiffs by their present motion to dismiss this appeal, clearly do object to immediate review by this court. Moreover, we will not exercise our supervisory jurisdiction in cases such as this except where there is “palpable error”. Vernor, supra (Lemmon, J., concurring); see also Herlitz Construction Co. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878 (La.1981). The present case, with its novel facts (payments by defendants to plaintiffs, etc.), if it involves error at all, surely does not involve “palpable” error. We decline to exercise our discretionary supervisory jurisdiction.
For the foregoing reasons, this appeal is dismissed without prejudice. The appellants may raise in an appeal from a final appealable judgment the issues they sought to raise in the present appeal.

DISMISSED WITHOUT PREJUDICE.