838 So.2d 136 (2003)
Sandra BERTRAND
v.
STATE of Louisiana, through the DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT and Acadia Parish Police Jury.
No. 02-1163.
Court of Appeal of Louisiana, Third Circuit.
February 5, 2003.
Writ Denied May 2, 2003.
*137 Joseph R. Joy, III, Joseph Joy & Associates, Daniel M. Landry, III, Lafayette, LA, for Plaintiff/Appellant, Sandra Bertrand.
Jeron J. Lafargue, Assistant Attorney General, Lafayette, LA, for Defendants/Appellees, State of Louisiana, through the Dep't of Transp. & Dev. Acadia Parish Police Jury.
Court composed of SYLVIA R. COOKS, JIMMIE C. PETERS, and GLENN B. GREMILLION, Judges.
PETERS, J.
The plaintiff, Sandra Bertrand, appeals a trial court judgment dismissing her suit against the State of Louisiana, Department of Transportation and Development (DOTD), as being abandoned. For the following reasons, we affirm the trial court judgment.

DISCUSSION OF THE RECORD
On January 21, 1998, Ms. Bertrand brought suit against DOTD and the Acadia Parish Police Jury, seeking to recover damages for injuries she sustained in a November 12, 1997 automobile accident. Shortly after filing suit, Ms. Bertrand dismissed the police jury as a defendant and proceeded only against DOTD. The record before us reflects that between the date that Ms. Bertrand dismissed the police jury from the litigation and the date that DOTD filed to have the suit dismissed as abandoned, the following pleadings were filed:

April 7, 1998DOTD filed a certificate, pursuant to La.Code Civ.P. art. 1313, certifying that it served responses to Ms. Bertrand's propounded interrogatories and requests for production on her attorney of record by mailing copies on May 6, 1998.[1]

*138 April 14, 1998DOTD filed its answer to Ms. Bertrand's petition, together with a request for jury trial. The trial court granted the jury trial request by written order signed the same day.

May 6, 1998DOTD filed a second certificate, pursuant to La.Code Civ.P. art. 1313, certifying that it served responses to Ms. Bertrand's propounded interrogatories and requests for production on her attorney of record by mailing copies on May 5, 1998.

July 8, 1999The trial court executed an order authorizing DOTD's counsel of record to withdraw.

December 7, 1999The trial court executed an order authorizing the enrolling of new counsel for DOTD.

March 15, 2002Ms. Bertrand filed written interrogatories addressed to DOTD.

March 19, 2002DOTD filed an ex parte motion to have Ms. Bertrand's suit declared abandoned. On the same date, Ms. Bertrand filed a motion to strike DOTD's motion.[2]

March 21, 2002The trial court executed a judgment dismissing Ms. Bertrand's suit as having been abandoned.

April 2, 2002Ms. Bertrand filed a rule to show cause why the judgment of dismissal should not be vacated. The trial court set this rule for hearing on April 15, 2002.

May 8, 2002The trial court executed a judgment reinstating Ms. Bertrand's suit against DOTD. Although signed by the trial court on May 8, it was not filed of record until May 9.

May 9, 2002DOTD filed a second motion to dismiss Ms. Bertrand's suit as having been abandoned. Attached to this motion is an affidavit of DOTD's counsel of record declaring that "during the period between February 3, 1999 and February 20, 2002, no pleadings and/or actions were taken within [the] lawsuit that would interrupt the running of the three-year abandonment period set forth in La.C.C.P. Art. 561[.]"

July 1, 2002After a hearing on DOTD's May 9 motion to dismiss, the trial court granted the motion, again dismissing Ms. Bertrand's suit.

July 31, 2002The trial court executed a written judgment in conformity with its July 1 ruling.
It is this July 31 judgment that gave rise to the appeal now before us. In her appeal, Ms. Bertrand asserts three assignments of error.

OPINION
Louisiana Code of Civil Procedure Article 561(A)(1) provides that, with the exception of succession proceedings, "[a]n action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years." A formal order of dismissal may be issued by the trial court "on ex parte motion of any party or other interested person by affidavit which provides that no step has been taken for a period of three years in the prosecution or defense of the action." La.Code Civ.P. art. 561(A)(2). In the case of a suit being dismissed as abandoned, a plaintiff has thirty days from service of the judgment of dismissal in which to move to set aside the dismissal of *139 his suit. Id. Ms. Bertrand timely moved to set the dismissal aside.
In her April 2, 2002 pleading seeking to set the dismissal judgment aside, Ms. Bertrand asserted two grounds for relief: (1) that DOTD's March 19 motion did not contain the appropriate affidavit and (2) that she had not abandoned her suit. Although the trial court scheduled Ms. Bertrand's April 2 rule for hearing on April 15, 2002, the record contains no evidence that any hearing occurred on that day. The only reference to any prior proceedings concerning this rule occurred at the July 1, 2002 hearing in comments by the trial court and counsel for the litigants. At that hearing, the following exchange occurred between the trial court and counsel for DOTD:
BY THE COURT: ... Mr. Lafargue, I think I can anticipate what your argument is going to be and we discussed the substance of your motion, I think, the last time we were together.

BY [COUNSEL FOR DOTD]: As I appreciate it, Your Honor, we were here and we filed a motion todismiss on the basis of abandonment and you wanted to allow them time to come up with anything that would show that they had interrupted that period
BY THE COURT: Well, I think also there was a lack of anof a supporting affidavit at the time. And I suppose you supplemented the record with that affidavit.
(Emphasis added.)
While not providing any of the specifics of the prior discussions referred to by the trial court and counsel for DOTD, Ms. Bertrand's counsel referred to a prior hearing and argued to the trial court that the reinstatement judgment was res judicata to the issue of abandonment and that the prescriptive period began to run anew from the date of the May 8, 2002 judgment.
On appeal, Ms. Bertrand asserts in her first two assignments of error that the trial court erred in granting DOTD's second motion to dismiss because the reinstatement judgment had a res judicata effect, precluding DOTD's attempt to raise the issue a second time. Additionally, she asserts that the very language of the May 8 judgment clearly establishes that it was intended to cause the three-year abandonment period to run anew.
The May 8, 2002 judgment provides in pertinent part: "IT IS ORDER[ED], ADJUDGED AND DECREED that this Court hereby reinstates the above captioned litigation pursuant to [the] ruling of this Court." As previously stated, the only issues raised by Ms. Bertrand in her pleading seeking to have the first judgment of dismissal set aside were that DOTD's pleading was defective because it did not contain the appropriate affidavit and that she had not abandoned her suit.
It is clear from the transcript of the July 1 proceeding that, in reinstating the suit, the trial court reserved unto Ms. Bertrand the opportunity to present evidence that she had not abandoned her suit. We interpret the May 8, 2002 judgment as nothing more than the grant by the trial court of an opportunity for DOTD to attach the appropriate affidavit to its motion and for Ms. Bertrand to present evidence to establish that she had not abandoned her suit. Therefore, we find no merit in Ms. Bertrand's first two assignments of error.
In her third assignment of error, Ms. Bertrand asserts that the trial court erred in concluding, after the July 1 hearing, that she had abandoned her suit. At *140 that hearing, Katherine Martin, a paralegal employed by Ms. Bertrand's attorneys, testified that she was familiar with Ms. Bertrand's case and that she had communicated with representatives of DOTD during the litigation. During her testimony, she identified a letter dated October 5, 1998, which the law office had received from counsel for DOTD. The letter provides in pertinent part:
Your plaintiff responded to the DOTD's discovery on July 8, 1998. Several of those questions were not answered. You did state that you had requested the information and that it would be forwarded upon receipt. The DOTD is now prevented from moving forward with this case due to the lack of information requested.
Please supplement your responses and forward them to me. Feel free to contact me if you have any questions or comments.
Ms. Martin testified that, in response to this correspondence, she contacted DOTD's representative to determine what additional information it requested. According to Ms. Martin, she did not receive an answer from DOTD and, from that point forward, was "basically ... waiting to complete the discovery." At no time, according to Ms. Martin, did Ms. Bertrand express any desire to terminate the litigation.
In Clark v. State Farm Mutual Automobile Insurance Co., XXXX-XXXX, pp. 5-6, (La.5/15/01), 785 So.2d 779, 784, the supreme court thoroughly analyzed the abandonment issue and explained the plaintiff's burden under La.Code Civ.P. art. 561 as follows:
Article 561 has been construed as imposing three requirements on plaintiffs. First, plaintiffs must take some "step" towards prosecution of their lawsuit. In this context, a "step" is defined as taking formal action before the court which is intended to hasten the suit toward judgment, or the taking of a deposition with or without formal notice. Second, the step must be taken in the proceeding and, with the exception of formal discover, must appear in the record of the suit. Third, the step must be taken within the legislatively prescribed time period of the last step taken by either party; sufficient action by either plaintiff or defendant will be deemed a step.
(Footnotes omitted.)
As stated in Clark, our jurisprudence has consistently held that Article 561 "is to be liberally construed in favor of maintaining a plaintiff's suit." Id. at 785. However, despite this concept of liberal construction, the Clark court noted:
Abandonment functions to relieve courts and parties of lingering claims by giving effect to the logical inference that a legislatively designated extended period of litigation inactivity establishes the intent to abandon such claims. When the parties take no steps in the prosecution or defense of their claims during that legislatively ordained period, "the logical inference is that the party intends to abandon the claim and the law gives effect to this inference." Young v. Laborde, 576 So.2d 551, 552 (La.App. 4th Cir.1991). The presumption of abandonment that arises under Article 561 as a result of three years of litigation inactivity, however, is not conclusive. As noted, two jurisprudential, prescription based exceptions are recognized. Moreover, given that dismissal is the harshest of remedies, the general rule is that "any reasonable doubt *141 [about abandonment] should be resolved in favor of allowing the prosecution of the claim and against dismissal for abandonment." Id.

Id. at 786-87.[3]
Certainly, the failure to move forward because of DOTD's concern about inadequate discovery is attributable only to Ms. Bertrand. Therefore, we do not find that DOTD's letter of October 5, 1998, was a step toward the prosecution of Ms. Bertrand's lawsuit that interrupted the running of the three-year prescriptive period.
The July 8, 1999 and December 7, 1999 filings by DOTD removing and enrolling counsel are not considered formal steps in the prosecution of the suit although they appear of record. Brown v. City of Shreveport Urban Dev., 34,657 (La. App. 2 Cir. 5/9/01), 786 So.2d 253. Thus, in the period between the May 6, 1998 Article 1313 certificate filed by DOTD and the March 15, 2002 interrogatories filed by Ms. Bertrand, there were no steps taken in the prosecution of Ms. Bertrand's claim that would interrupt the three-year prescriptive period. Additionally, any step taken by a plaintiff after the three-year period has run is ineffective to prevent a judgment of dismissal from being granted. Clark, 785 So.2d 779. Therefore, Ms. Bertrand cannot claim any benefit from the March 15, 2002 filing.
We find that Ms. Bertrand failed to establish that she had not abandoned her claim and, therefore, find no merit in her third assignment of error.

DISPOSITION
For the foregoing reasons, we affirm the trial court's judgment in all respects. We assess all costs of this appeal to Sandra Bertrand.
AFFIRMED.
COOKS, J., dissents.
NOTES
[1] The discrepancy between the date of filing and the date the responses were alleged to be mailed is not explained in the record. However, the discrepancy does not affect the result in this appeal.
[2] Although filed on the same day, Ms. Bertrand's motion to strike was actually filed before DOTD's motion to have the suit declared abandoned. The Clerk of Court's filing stamp reflects that Ms. Bertrand's motion was filed at 9:27 a.m. and that DOTD's motion was filed at 11:04 a.m.
[3] Neither of the two judicially created exceptions apply to the case at hand.