NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-133

PAULITA CARTER

VERSUS

OUR LADY OF LOURDES REGIONAL MEDICAL CENTER, INC.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20045841
HONORABLE J. BYRON HEBERT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

ELIZABETH A. PICKETT
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Marc T. Amy, Elizabeth A. Pickett, and J. David Painter, Judges.

AFFIRMED.

Philip E. Roberts
Leake & Andersson, LLP
P. O. Drawer Z
Lafayette, LA 70502
(337) 233-7430
Counsel for Defendant-Appellee:
Our Lady of Lourdes Regional Medical Center, Inc.

Christopher Luke Edwards
P. O. Box 3483
Lafayette, LA 70502
(337) 232-5170
Counsel for Plaintiff-Appellant:
Paulita Carter

**PICKETT, Judge.**

The plaintiff-appellant, Paulita Carter, appeals a judgment of the trial court dismissing her petition on the grounds of abandonment.

## STATEMENT OF THE CASE

On November 9, 2004, Paulita Carter filed suit against Our Lady of Lourdes Regional Medical Center, Inc. (Lourdes), alleging she suffered damages when an IV pole fell on her while she was visiting her son. Lourdes filed an answer to the petition on January 12, 2005. On March 11, 2005, Carter answered interrogatories propounded by Lourdes. On June 25, 2008, Lourdes filed a Motion and Order to Dismiss for Want of Prosecution of Three Years seeking dismissal of the action filed by Carter pursuant to La.Code Civ.P. art. 561. The trial court signed the Order dismissing the suit as abandoned on June 27, 2008, and the Order was served on July 8, 2008. On August 4, 2008, Carter filed a Motion to Set Aside the Judgment, alleging that a letter sent as "an attempt at clarification of discovery" had been sent within the three years on January 28, 2008, thus vitiating the abandonment claim. A hearing was set for September 22, 2008 on the Motion to Set Aside the Judgment. Carter failed to appear at the hearing, and the trial court denied the motion in an order dated October 2, 2008. Carter's attorney filed a Motion to Reconsider or in the Alternative for a New Trial, alleging he had a conflict on the date of September hearing. The trial court heard arguments on October 27, 2008 on the Motion to Reconsider and denied the Motion in an Order dated November 7, 2008. Carter now appeals.

1

## ASSIGNMENT OF ERROR

In her appeal, Carter asserts one assignment of error:

The District Court erred as a matter of law in failing to follow the provisions of *Clark v. State Farm Mutual Automobile Insurance Co.*, 00-3010 (La. 5/15/01), 785 So.2d 779, in determining this case as being one "clearly" intended to be abandoned and dismissing this case.

## DISCUSSION

Louisiana Code of Civil Procedure Article 561 states, in pertinent part:

A. (1) An action, except as provided in Subparagraph (2) of this Paragraph, is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years, unless it is a succession proceeding:

(a) Which has been opened;

(b) In which an administrator or executor has been appointed; or

(c) In which a testament has been probated.

. . . .

(3) This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been timely taken in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment. The sheriff shall serve the order in the manner provided in Article 1314, and shall execute a return pursuant to Article 1292.

(4) A motion to set aside a dismissal may be made only within thirty days of the date of the sheriff's service of the order of dismissal. If the trial court denies a timely motion to set aside the dismissal, the clerk of court shall give notice of the order of denial pursuant to Article 1913(A) and shall file a certificate pursuant to Article 1913(D).

. . . .

B. Any formal discovery as authorized by this Code and served on all parties whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action.

2

In *Clark v. State Farm Mutual Automobile Insurance Co.*, 00-3010, p. 6 (La.5/15/01), 785 So.2d 779, the supreme court explained the actions a plaintiff must take in order to avoid dismissal on the grounds of abandonment:

> First, plaintiffs must take some "step" towards prosecution of their lawsuit. In this context, a "step" is defined as taking formal action before the court which is intended to hasten the suit toward judgment, or the taking of a deposition with or without formal notice. Second, the step must be taken in the proceeding and, with the exception of formal discovery, must appear in the record of the suit. Third, the step must be taken within the legislatively prescribed time period of the last step taken by either party; sufficient action by either plaintiff or defendant will be deemed a step.

"[W]hether a particular act, if proven, precludes abandonment is a question of law which we review by simply determining whether the trial court's interpretative decision is correct." *Lyons v. Dohman*, 07-53, p. 4 (La.App. 3 Cir. 5/30/07), 958 So.2d 771, 774.

Carter argues that a letter sent by her attorney on January 28, 2008, to the attorney for the hospital is a sufficient step in the prosecution of the case to defeat a claim of abandonment. The pertinent portions of that letter are reproduced here:

> In your Answers to Interrogatories, several people are identified as having knowledge of the facts surrounding the subject dispute. I need to take the depositions of those people, particularly: Paula Jenkins, Risk Manager for Our Lady of Lourdes, and Mary L. Porter. You have also identified a "nurse who iced down Ms. Carter's knee after the incident." I would like to take that person's deposition as well.
>
> Also, in your Responses to Requests for Production of Documents, you identified an attachment in Response to Request for Production No. 2. Please forward that document at your earliest convenience, as it was not attached to what I received.
>
> I would also like to set this on the trial docket as soon as possible. Please let me know what you would like to do in order to prepare for the trial of this matter. If there is any interest in settling this matter, please bring that to my attention.

3

At the hearing, counsel for Lourdes stipulated that he received the letter, and that Carter would testify that she did not intend to abandon the action. Nevertheless, Lourdes argued that the letter did not appear in the record of the suit and did not constitute formal discovery. It is, therefore, insufficient to defeat a claim for abandonment. We agree.

While the letter did seek a clarification of some discovery matters, it was not formal discovery sufficient to constitute a step in the prosecution of the matter. We find this case analogous to *Bertrand v. State ex rel. Department of Transportation and Development*, 02-1163 (La.App. 3 Cir. 2/5/03), 838 So.2d 136, *writ denied*, 03-634 (La. 5/2/03), 842 So.2d 1105 (defendant's attorney's letter requesting clarification of discovery is not formal discovery) and *Hica Steel Foundry & Upgrade Company v. Arklatex Environmental Consultants, Inc.*, 39,460 (La.App. 3 Cir. 4/6/05), 899 So.2d 802 (defendant's letter suggesting a meeting to develop a discovery plan insufficient to defeat abandonment claim).

Carter cites three cases to support her claim that she did not abandon the suit. We find those cases distinguishable. In *Clark*, 785 So.2d 779, the defendant made an unconditional tender to the plaintiff after the three-year abandonment period had run. The supreme court found that the tender constituted an acknowledgment, and therefore began the abandonment period running anew. *In re Medical Review Panel of Jones*, 00-1290 (La.App. 1 Cir. 6/22/01), 801 So.2d 471*, writs denied*, 01-2120, 01-2145 (La. 11/2/01), 800 So.2d 877, 879, involved the appointment of an attorney chairman of a medical review panel, not abandonment under the provisions of La.Code Civ.P. 561. Furthermore, the defendant had been involved in extensive negotiations with the plaintiff in an effort to choose a chairman prior to the date of

4

abandonment under the relevant statute. In *State v. Cole Oil and Tire Company, Inc.*, 36,122 (La.App. 2 Cir. 7/17/02), 822 So.2d 229, *writ denied*, 02-2325 (La. 11/15/02), 829 So.2d 436, the claim that Cole Oil had abandoned its reconventional demand against the state was defeated by proof that DOTD and Cole Oil had corresponded numerous times, including three letters from DOTD discussing interrogatories, appraisers, and depositions. The court found that DOTD knew that Cole Oil did not intend to abandon its claim.

We find that the letter sent on January 28, 2008, was not sufficient to overcome the presumption that the plaintiff abandoned her claim on March 11, 2008. The judgment of the trial court is affirmed. All costs of this appeal are assessed to the plaintiff, Paulita Carter.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3, Uniform Rules, Courts of Appeal.