NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 23-766

PINK LADIES TRUCKING, LLC

VERSUS

MARTIN YOKUM, ET AL.

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2019-0056
HONORABLE RONALD F. WARE, DISTRICT JUDGE

**********

GARY J. ORTEGO

JUDGE

**********    .

Court composed of Shannon J. Gremillion, Gary J. Ortego, and Wilbur L. Stiles, Judges.

APPEAL DISMISSED.

R. Bray Williams
Williams Family Law Firm, LLC
162 Jefferson Street
Natchitoches, LA 71457
(318) 352-6695
COUNSEL FOR PLAINTIFF/APPELLEE:
    Pink Ladies Trucking, LLC

Peyton F. Pawlicki
Veron Bice, LLC
P. O Box 2125
Lake Charles, LA 70602-2125
(337) 310-1600
COUNSEL FOR DEFENDANT/APPELLANT:
    Martin Yokum

James Edward Sudduth, III
Sudduth & Associates
1109 Pithon Street
Lake Charles, LA 70601
(337) 480-0101
COUNSEL FOR DEFENDANT/APPELLANT:
    Northlawn Investments, Inc.
    d/b/a Triplett's Payment Center

**ORTEGO, Judge.**

On December 15, 2023, this court issued a rule ordering Defendant-Appellant, Northlawn Investments, Inc., d/b/a Triplett's Payment Center, to show cause, by brief only, why the instant appeal should not be dismissed for having been taken from a non-appealable, interlocutory ruling. Appellant timely filed a response to the rule, and the rule was subsequently withdrawn. Soon after the rule was withdrawn a response to the rule was received from Plaintiff-Appellee, Pink Ladies Trucking, LLC. For the reasons discussed herein, we dismiss the appeal.

Appellee filed suit on January 7, 2019, asserting claims against Appellant, Martin Yokum, Jeff Davis Bancshares, Inc., and JD Bank & Trust Company. On December 16, 2022, Appellant filed a Motion and Order for Dismissal of Claims Asserted by Pink Ladies Trucking and a Motion and Order for Dismissal of Cross-Claims Asserted by JD Bank, seeking dismissal on the grounds of abandonment pursuant to La.Code Civ.P. art. 561. The motions were granted, and orders dismissing these claims were signed by the trial court on December 29, 2022.

On March 10, 2023, Appellee filed a motion to set aside the orders of dismissal. Following a hearing on May 31, 2023, the trial court granted the motion. A written judgment was signed on July 27, 2023, and notice of judgment was mailed to the parties on August 14, 2023. Appellant filed its motion for a devolutive appeal on October 13, 2023, which was granted that same day.

Upon the lodging of the appeal, this court issued a rule to show cause why the appeal should not be dismissed for having been taken from a non-appealable, interlocutory ruling. In response to the rule, Appellant argued that the judgment is a final judgment, citing *Hancock Bank of Louisiana v. Robinson*, 20-791, p. 5

(La.App. 1 Cir. 3/11/21), 322 So.3d 307. In Hancock Bank of Louisiana, the court determined that "[t]he hearing on the motion to set aside dismissal is a contradictory hearing wherein the plaintiff must produce evidence as to why the order of dismissal shall not be set aside." *Id.* at 311. Appellant asserts that given the *ex parte* dismissal at issue was eventually subject to review via the May 31, 2023 hearing, the ruling in *Hancock Bank of Louisiana* is persuasive and requests that this court find the circumstances herein analogous and consider the judgment herein a final judgment. Appellant also asks this court to designate the judgment as immediately appealable pursuant to La.Code Civ.P. art. 1915(B).

In the alternative, Appellant argues that this court has the discretion to consider the judgment final in nature and maintain the appeal. Appellant asserts that when the trial court fails to give reasons for designating a partial judgment as appealable, this court's ruling in *R.J. Messinger, Inc. v. Rosenblum*, 04-1664 (La. 3/2/05), 894 So.2d 1113, requires the court to make a *de novo* determination by looking to the record for any justification for maintaining the appeal. In keeping with *Messinger*, Appellant requests that this court find the judgment sufficient and final and deemed ripe for appeal, or in the alternative, issue a designation that the judgment is final and appealable.

Appellee argues in its response to the rule that the granting of a motion to set aside a judgment of dismissal based on abandonment under Article 561 is an interlocutory judgment, not a final judgment. Appellee cites three appellate court cases wherein the respective decisions specifically hold that a judgment vacating the dismissal of a case for abandonment is an interlocutory judgment under La.Code Civ.P. art. 1841. *See Brown v. City of Shreveport Urban Development,*

2

34,657 (La.App. 2 Cir. 5/9/01), 786 So.2d 253; *Gonzales v. Gertrude Gardner Realtors, Inc.*, 01-1858 (La.App. 4 Cir. 3/27/02), 815 So.2d 300; *Bank of New York v. Holden*, 15, 466 (La.App. 5 Cir. 12/23/15), 182 So.3d 1206. Likewise, Appellee maintains that the judgment at issue herein is a non-appealable, interlocutory judgment.

Additionally, Appellee correctly points out that a motion for the appeal of an interlocutory judgment may be construed as an application for supervisory writs. The motion for appeal, however, must have been filed within the delays for filing an application for supervisory writs. *B.D. v. M.T.*, 21-374 (La.App. 3 Cir. 11/17/21), 331 So.3d 439.

We agree that the ruling at issue, the granting of a motion to set aside a judgment of dismissal based on abandonment under La.Code Civ.P. art. 561, is a non-appealable, interlocutory ruling. Also, since Appellant's motion for appeal was filed beyond the thirty-day delay for filing an application for supervisory writs, we do not consider the motion for appeal as a timely notice of intent to seek supervisory writs. *Rain CII Carbon, LLC v. Turner Industries Group, LLC*, 14-121 (La.App. 3 Cir. 3/19/14), 161 So.3d 688; Uniform Rules—Courts of Appeal, Rule 4-3. Accordingly, we hereby dismiss the instant appeal and decline to construe Appellant's motion for appeal as a timely notice of intent to seek supervisory writs.

**APPEAL DISMISSED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.