830 So.2d 459 (2002)
Larry D. MORGAN, Plaintiff-Appellant,
v.
Arthur HOPKINS, et al., Defendant-Appellee.
No. 36,506-CA.
Court of Appeal of Louisiana, Second Circuit.
October 23, 2002.
*460 Larry D. Morgan, Appellant In Proper Person.
Andrew Swithin Vallien, Natchitoches, Counsel for Appellant.
Wilkinson, Carmody & Gilliam by Arthur R. Carmody, Jr., Shreveport, Counsel for Appellee, Coca-Cola Bottling Company of Shreveport, Inc.
Before STEWART, PEATROSS and KOSTELKA, JJ.
KOSTELKA, J.
Larry Morgan ("Morgan") appeals the judgment dismissing with prejudice his personal injury suit against Coca-Cola Bottling Company of Shreveport, Inc. ("Coca-Cola") for lack of prosecution. We amend the judgment, and, as amended, affirm.

FACTS
On April 12, 1982, Morgan instituted a suit for personal injuries against Arthur Hopkins, d/b/a Hop's Korner Grocery ("Hopkins"), and its premises insurer, Aetna Casualty and Surety Insurance Company ("Aetna"), for injuries resulting from an electrical shock he received when he touched a cooler while attempting to obtain a cold drink. The alleged injuries were to the back of Morgan's left arm and shoulder. On June 29, 1982, Hopkins filed a third-party demand against Coca-Cola and on December 1, 1982, Morgan amended his petition to add Coca-Cola as a defendant as well. On April 12, 1983, Coca-Cola filed a third-party demand against Hopkins seeking indemnification. On December 29, 1987, Morgan filed a Second Amended and Supplemental Petition against Beverage Aire and Sales Company ("Beverage Aire"), the manufacturer of the cooler. However, on November 16, 1989, Beverage Aire was dismissed from the suit after it reached a settlement agreement with Morgan. Likewise, after a settlement agreement, Hopkins and Aetna were also dismissed from the suit on August 5, 1991.[1] Morgan reserved all of his rights against Coca-Cola. Thereafter, on September 5, 1991, Hopkins sought a summary judgment to dismiss Coca-Cola's third-party demand against it based upon the settlement agreements. The trial court granted the motion for summary judgment on September 23, 1991.
After September 23, 1991, the only activity in the record consists of a Motion and Order to Substitute Counsel by Ralph Smith filed on October 11, 1993, a Motion and Order to Withdraw as Counsel of Record by JoAnn Gines filed on March 29, *461 1994, a Motion and Order For Leave to Withdraw as Counsel of Record by Ralph Smith filed on July 28, 1995 and a Notice of Deposition by Morgan's new counsel, Andrew Vallien, filed on May 11, 2001. It was upon the filing of this deposition notice that Coca-Cola sought to have Morgan's remaining claims against it dismissed with prejudice for lack of prosecution on November 14, 2001. An opposition to the dismissal was filed December 13, 2001. By its Judgment with Reasons dated February 22, 2002, the trial court dismissed Morgan's suit against Coca-Cola with prejudice, finding "absolutely no advancement of the prosecution of this matter within the past 10 years." This appeal ensued.

DISCUSSION
The provisions of La. C.C.P. art. 561 state that an action is abandoned when the parties fail to take any steps in its prosecution or defense in the trial court for a period of three years, unless it is a succession proceeding. The present provisions, which reduced the time limit from five to three years, although effectual on July 1, 1998, were made applicable to all actions pending at that time and, therefore, are appropriately applied retroactively to this matter. See, Acts 1997, No. 1221, § 2; Bridges v. Wilcoxon, 34,660 (La.App.2d Cir.05/09/01), 786 So.2d 264.
The sole issue before us, therefore, is whether the activities conducted after September 23, 1991 until May 11, 2001 are adequate to preserve Morgan's remaining claims against Coca-Cola. We conclude that they are not. Indeed, the record before us contains much activity prior to September 23, 1991 that would be sufficient to maintain Morgan's action against Coca-Cola, including pleadings, discovery motions and responses and pretrial statements. Nevertheless, as discussed above, the only record activity after this date consists of three motions relating to the enrolling, substitution and withdrawal of counsel. A party takes a step in the prosecution or defense of a suit only when he takes formal action, before the court, on the record, intended to hasten the matter to judgment. Bridges, supra. The law is clear that a motion to withdraw, enroll or to substitute counsel is not considered a formal "step" in the prosecution of suit as contemplated by La. C.C.P. art. 561. Brown v. City of Shreveport Urban Development, 34,657 (La.App.2d Cir.05/09/01), 786 So.2d 253; Theriot v. State, DOTD, XXXX-XXXX (La.App. 1st Cir.09/25/01), 809 So.2d 279. Therefore, despite Morgan's contrary protestations, the number and involvement of attorneys has no bearing on his intent to continue the action.[2] Nor are Morgan's bare allegations that he did not intend to abandon the action sufficient to uphold the claim. A plaintiff's intention to take a step in the prosecution of a claim without a step actually being taken is insufficient to uphold the claim. Jones v. Phelps, 95-0607 (La. App. 1st Cir.11/09/95), 665 So.2d 30, writ denied, 95-2907 (La.02/02/96), 666 So.2d 1104. Finally, the alleged inaction of Morgan's attorneys has no bearing on his ability to advance his case for purposes of La. C.C.P. art. 561. Succession of Knox, 579 So.2d 1164 (La.App. 2d Cir.1991); Willey v. Roberts, 95-1037 (La.App. 1st Cir.12/15/95), 664 So.2d 1371, writ denied, 96-0164 (La.03/15/96), 669 So.2d 422.
Considering the foregoing, we conclude that Morgan has failed to demonstrate the near ten-year inactivity in this matter to have been caused by anything other than his neglect or idleness. With *462 the record before us otherwise showing no steps by Coca-Cola, we affirm the trial court determination that Morgan's suit against Coca-Cola is abandoned. However, we note that the jurisprudence provides that a trial court is without authority to dismiss an action with prejudice for failure to prosecute. Richey v. Fetty, 96-2762 (La.App.2d Cir.04/08/98), 715 So.2d 1, writ denied, 98-2184 (La.11/13/98), 731 So.2d 257; Total Sulfide Services, Inc. v. Secorp Industries, Inc., 96-589 (La.App. 3d Cir.12/11/96), 685 So.2d 514; St. Tammany Parish Sewerage Dist. No. 7 v. Monjure, 95-0937 (La.App. 1st Cir.12/15/95), 665 So.2d 801; De Salvo v. Waguespack, 187 So.2d 489 (La.App. 1st Cir.1966). See also, Commerce Funding Corp. v. Lewis Plumbing & Heating, Inc., XXXX-XXXX (La. App. 4th Cir.05/23/01), 788 So.2d 1203 and cases cited therein. Accordingly, by dismissing with prejudice, the trial court erred. We, therefore, amend the judgment to delete the words "with prejudice." In all other respects, the judgment is affirmed. Costs of this appeal are assessed to Morgan.
JUDGMENT AMENDED, AND, AS AMENDED, AFFIRMED.
NOTES
[1] Notably, the Motion and Order for Dismissal also settled claims for attorney fees that two of Morgan's nine attorneys claimed.
[2] Even were we to consider the motions relating to counsel as steps in the prosecution of the matter, Morgan's claim would fail because more than three years lapsed between the July 28, 1995 motion to withdraw and the May 11, 2001 deposition notice.