839 So.2d 955 (2003)
Larry REED, Plaintiff-Appellant,
v.
PEOPLES STATE BANK OF MANY and Dale Hopper, Defendants-Appellees.
No. 36,531-CA.
Court of Appeal of Louisiana, Second Circuit.
March 5, 2003.
*956 Darien D. Lester, for Appellant.
Larry Reed, In Proper Person.
Rogers & Hearne, Counsel for Appellees, by Edward Keith Carter.
Before CARAWAY, PEATROSS and DREW, JJ.
DREW, J.
Financing for the construction of the home of Patricia Holmes led to this dispute. Holmes hired Larry Reed as building foreman. Reed sued Peoples State Bank of Many and Dale Hopper, a bank employee, for damages allegedly caused by the intentional acts of the bank and Hopper. The defendants filed a motion to dismiss Reed's action as abandoned. From a February 15, 2002, judgment dismissing his action, Larry Reed, in proper person, appealed on April 15, 2002. For the following reasons, we amend the judgment and affirm.

PLEADINGS AND PROCEDURAL BACKGROUND
The chronology of the litigation follows:
04-24-1998 Represented by Darien Lester, Reed sued Peoples and Hopper for damages arising out of the defendants' allegedly intentional acts to harm Reed in a dispute over the financing of Holmes' construction project.
05-08-1998 Represented by John Conine, the bank and Hopper filed declinatory and dilatory exceptions along with a supporting memo.
07-08-1998 Reed through his attorney filed a memo opposing the exceptions.
08-21-1998 The trial court issued a written ruling denying defendants' exception of improper venue, but granting defendants' exception of non-joinder; Reed was given 15 days to amend his petition to join Patricia Holmes, the homeowner, as a party or have his suit dismissed. (The trial court directed that the judgment be submitted for its signature; neither the judgment nor the amendment is in the record.)
11-19-1998 Defendants answered with reconventional and third party demands, alleging that the bank stopped advancing money when the project exceeded budget, the insurance on the collateral lapsed, liens were filed against the property and the homeowner and Reed could not provide to defendants figures on outstanding sums or the amount required to complete the construction.
Defendants' Reconventional Demand alleged:
 Reed received $33,100 of loan proceeds via checks from Holmes;
 Not all the proceeds were used on the project and should be reimbursed to the bank;
 The bank also pled the affirmative defense of offset or compensation.
Defendants' Third Party Demand against Holmes alleged:
 Holmes and Reed were unable to complete the project;
 Any loss to Reed is attributable to Holmes who should pay any loss for which the bank may be liable.
*957 01-05-1999 Darien Lester, Reed's attorney, filed an answer denying the allegations of the reconventional and third party demands.
04-03-2000 Notice of Seizure under Writ of FiFa in Docket # 052063, 11th JDC, (Peoples State Bank v. Holmes and Reed) filed into this record.
02-11-2002 Keith Carter moved for the removal of Conine as counsel for the bank and Hopper; Carter sought to enroll as lawyer for the defendants.
02-15-2002 Trial court signed the order enrolling Carter as defendants' lawyer.
02-14-2002 The bank and Hopper filed a motion to dismiss the action as abandoned because more than three years had elapsed since Reed filed his answer and reconventional demand; Defendants attached a Caddo Clerk of Court certificate stating no action had been taken in the prosecution or defense of the case since January 5, 1999.
02-15-2002 Trial court signed order dismissing action with prejudice.
04-15-2002 Reed, through attorney Darien Lester, filed a motion for appeal; Reed, in proper person, filed a motion for appeal, which was signed by the trial court.
On lodging, this record did not contain an indication that Reed had been served with notice of the order dismissing his action. Subsequently, the record was supplemented with the February 22, 2002, service return showing that Reed was served by personal service on his attorney, Darien Lester. That service triggered the 30-day period in La. C.C.P. art. 561. On September 5, 2002, this court found that the appeal was taken from a final judgment.[1]

DISCUSSION
La. C.C.P. art. 561 states:
A. (1) An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years, unless it is a succession proceeding:
(a) Which has been opened.
(b) In which an administrator or executor has been appointed.
(c) In which a testament has been probated.
(2) This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been taken for a period of three years in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment. The order shall be served on the plaintiff pursuant to Article 1313 or 1314, and the plaintiff shall have thirty days from date of service to move to set aside the dismissal. However, the trial court may direct that a contradictory hearing be held prior to dismissal.
B. Any formal discovery as authorized by this Code and served on all parties whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action.
C. An appeal is abandoned when the parties fail to take any step in its prosecution or disposition for the period provided in the rules of the appellate court.
Representing himself on appeal in this matter, which bore Caddo Parish Trial Court Docket # 431,431, Reed contended *958 that he or his attorney on his behalf mistakenly made filings styled "Reed v. Peoples State Bank of Many" under Caddo Parish Trial Court Docket # 430,866, which is another action brought by Patricia Holmes against the same bank. Reed attached to his brief:
 An amended petition naming Patricia Holmes a defendant filed in # 430,866 incorrectly styled "Larry Reed v. Peoples State Bank of Many" along with Holmes's waiver of service.
 Worker's and materialman's liens filed on the records of Caddo Parish on January 19, 1999, under Register # 1637627.
 A notice of lis pendens filed January 19, 1999, under suit # 430,866, incorrectly styled "Larry Reed v. Peoples Bank of Many."
 The June 2, 1999, judgment in suit #430,866 correctly styled "Patricia Holmes v. Peoples State Bank."
 This court's opinion on appeal rendered March 3, 2000, in # 32,749-CA, Patricia Holmes v. Peoples State Bank of Many (Caddo Parish Court Docket # 430,866).
To establish that he did not abandon his action against Peoples and Hopper in this action, suit # 431,431, Reed relied in his appellate brief on the filings made in Caddo suit # 430,866 and his assertion that he appeared in the trial court in # 430,866 to defend his lis pendens in June 2000. In addition, Reed contended that this matter was stayed due to Holmes' bankruptcy filed in October 1998 and dismissed in the first part of 1999. Further, Reed pointed to another bankruptcy by Holmes allegedly filed in August or September of 2000 and still pending. Reed stated in his appellate brief that he made a filing and an appearance in the Holmes bankruptcy trial to defend against charges he misused loan proceeds.
At the outset, we note that it is well-settled that an appellate court must render its judgment upon the record on appeal. La. C.C.P. art. 2164. The record on appeal is that which is sent by the trial court to the appellate court and includes the pleadings, court minutes, transcript, jury instructions, judgments and other rulings, unless otherwise designated. La. C.C.P. art. 2128. An appellate court cannot review evidence that is not in the record on appeal and cannot receive new evidence. Memoranda and exhibits which were not filed into evidence in the trial court are not part of the record on appeal. If a party's brief asserts facts which are not in the record and refers to exhibits which have not been filed into evidence in the trial record, an appellate court may not consider those memoranda and exhibits, since they are outside the record. La. C.C.P. art. 2164. The briefs of the parties and the attachments thereto are not part of the record on appeal. Appellate briefs are not part of the record on appeal, and this court has no authority to consider on appeal facts referred to in appellate briefs, or in exhibits, if those facts are not in the record on appeal. Tranum v. Hebert, 581 So.2d 1023 (La.App. 1st Cir., 1991), writ denied, 584 So.2d 1169 (La.1991).
Here, Reed's appellate brief referred to facts which are not in the record. Moreover, none of the attachments to his appellate brief were introduced into evidence in the trial court. Those matters outside this appellate record were not considered by this court.
In Morgan v. Hopkins, 36,506 (La. App.2d Cir.10/23/02), 830 So.2d 459, writ denied, 2002-2866 (La.1/31/03), 836 So.2d 71, this court explained that an action is abandoned when the parties fail to take any steps in its prosecution or defense in the trial court for a period of three years, unless it is a succession proceeding. La. *959 C.C.P. art. 561. Effective on July 1, 1998, the article was amended to reduce the time limit from five to three years. This amendment was made applicable to all actions pending on July 1, 1998. The present litigation was filed on April 24, 1998. Therefore, the amended provisions apply retroactively to this matter and the abandonment period is three years. Morgan v. Hopkins, supra.
A party takes a step in the prosecution or defense of a suit only when he takes formal action, before the court, on the record, intended to hasten the matter to judgment. A motion to withdraw, enroll or to substitute counsel is not considered a formal "step" in the prosecution of suit as contemplated by La. C.C.P. art. 561. A plaintiff's intention to take a step in the prosecution of a claim without a step actually being taken is insufficient to uphold the claim. Morgan v. Hopkins, supra.
After Reed filed suit on April 24, 1998, the exceptions were decided and the defendants filed their answer along with their reconventional and third party demands on November 19, 1998. The last formal action intended to hasten the matter to judgment was Reed's answer to the reconventional and third party demands filed January 5, 1999. Until the defendants' motion to dismiss, filed over three years later on February 14, 2002, the only filings were the recordation of a notice of seizure of Reed's rights in this litigation and a motion for defense counsel to enroll. As reported in the certificate from the Caddo Parish Clerk of Court, no action in the prosecution or defense of the matter had taken place since January 5, 1999. Reed's contention that the alleged bankruptcy filings by Patricia Holmes, the homeowner, stayed this action is erroneous. While 11 U.S.C. § 362 provides an automatic stay to protect debtors filing bankruptcy, the automatic stay does not apply to non-bankrupt co-defendants. See, Martin v. David, 95-1411 (La.App. 3d Cir.12/7/95), 666 So.2d 1136, writ denied, 96-2184 (La.11/15/96), 682 So.2d 766. This record contained no documentation of the alleged bankruptcies by Patricia Holmes, which, in any event, did not benefit Reed. The trial court correctly dismissed this action as abandoned.

CONCLUSION
A trial court is without authority to dismiss an action with prejudice for failure to prosecute. See discussion in Morgan v. Hopkins, supra, and cases cited therein. The trial court erred by dismissing this action with prejudice. We therefore amend the February 15, 2002, judgment to delete the words "with prejudice" and to substitute the words "without prejudice" in the same place.

DECREE
The February 15, 2002, judgment is amended to delete the words "with prejudice" and to add the words "without prejudice" in the same place. In all other respects, the judgment is affirmed. Costs of this appeal are assessed to Reed.
JUDGMENT AMENDED, AND AS AMENDED, AFFIRMED.
NOTES
[1] See discussion in Yates v. Bailey, 34,274 (La.App.2d Cir.12/6/00), 774 So.2d 1103, and Brown v. City of Shreveport Urban Development, 34,657 (La.App.2d Cir.5/9/01), 786 So.2d 253.