956 So.2d 13 (2007)
Kevin and Wayannita AUSTIN, Individually and on Behalf of their Minor Daughter, Andrinika Austin
v.
STATE FARM INSURANCE COMPANY.
No. 06-CA-808.
Court of Appeal of Louisiana, Fifth Circuit.
March 13, 2007.
James M. Williams, Gauthier, Houghtaling & Williams, L.L.P., Metairie, Louisiana, for Plaintiffs/Appellants.
Deidra L. Cooper, Frederick A. Miller & Associates, Metairie, Louisiana, for Defendant/Appellee.
Panel composed of Judges MARION F. EDWARDS, SUSAN M. CHEHARDY, and FREDERICKA HOMBERG WICKER.
MARION F. EDWARDS, Judge.
Plaintiffs/appellants, Kevin and Wayannita Austin, individually and on behalf of their minor daughter, Adrinika Austin, appeal the trial court's judgment which granted an Exception of Prescription in favor of defendant/appellee, State Farm Insurance Company ("State Farm"), in this automobile accident case. For the reasons that follow, we affirm.
On February 13, 2003, the plaintiff, Andrinika Austin ("Austin"), a minor, was a *14 passenger in a car driven by Renard Markey. While traveling north on LA 3160 in St. Charles Parish, Markey attempted to pass another vehicle when a collision occurred. Following the accident, Austin was brought to St. Charles General Hospital where her ankle was treated for injury.
On June 9, 2005, Austin's parents filed suit on her behalf in the Twenty-Ninth Judicial District Court for the Parish of St. Charles against both St. Charles General Hospital and her treating physician at St. Charles General Hospital, alleging substandard care that resulted in an "irreparably injured ankle." As Markey was uninsured at the time of the accident, Austin further named State Farm Insurance Company ("State Farm"), which provided uninsured motorist coverage to the plaintiffs. Austin contended in her petition that all named defendants were jointly and severally liable for her injury.
On July 26, 2005, St. Charles General Hospital filed Dilatory Exceptions of Prematurity and Vagueness and a Peremptory Exception of No Right of Action on the basis that plaintiffs had not convened a Medical Review Panel pursuant to the Louisiana Medical Malpractice Act. On January 30, 2006, State Farm filed a Peremptory Exception of Prescription, which asserted that plaintiffs' claims were expired since suit was not filed until over two years after the accident had occurred. On June 16, 2006, the trial court granted St. Charles General Hospital's Exception of Prematurity, and, on June 28, 2006, granted State Farm's Exception of Prescription.
Plaintiffs timely filed the present appeal from the trial court's judgment granting State Farm's Exception of Prescription.

LAW AND ARGUMENT
On appeal, plaintiffs' lone assignment of error is that the trial court erred in granting State Farm's Exception of Prescription in light of a timely filed Medical Review Panel Complaint against St. Charles General Hospital which interrupted prescription against all joint tortfeasors.
An exception of prescription is a peremptory exception, which a defendant may raise at any time, including on appeal or after the close of evidence, but prior to its submission after trial.[1] LSA-C.C.P. art. 929 provides when a peremptory exception is pled prior to trial, the exception is tried and disposed of in advance of or on the trial of the case. LSA-C.C.P. art. 931 allows the introduction of evidence at the trial of all peremptory exceptions, except the objection of no cause of action. The trial court is not bound to accept as true the allegations of plaintiffs petition in its trial of the peremptory exception.[2] When evidence is introduced and evaluated at the trial of a peremptory exception, an appellate court must review the entire record to determine whether the trial court manifestly erred with its factual conclusions.[3]
LSA-R.S. 9:5629 provides, "Actions for the recovery of damages sustained in motor vehicle accidents brought pursuant to uninsured motorist provisions in motor vehicle insurance policies are prescribed by two years reckoning from the date of the accident in which the damage was sustained."
In the present case, the accident that caused the alleged injury to Austin occurred on February 13, 2003. Plaintiffs filed their petition for damages on June 9, *15 2005, well over two years later. Accordingly, the plaintiffs' claim against State Farm is prescribed on its face.
Where the petition on its face reveals prescription has run, the responsibility shifts to the plaintiff to show otherwise.[4]
Plaintiffs assert that a timely filed Medical Review Panel Complaint against St. Charles General Hospital interrupted prescription against what they contend to be joint tortfeasors, including State Farm. In reviewing the record, however, we note that no evidence of a Medical Review Panel Complaint was ever introduced by plaintiffs. Although plaintiffs attached a copy of a Request for Review by a Medical Review Panel to their appellate brief, an appellate court is forbidden by the law and jurisprudence to consider evidence which is outside the record on appeal. It is also well established that the appellate briefs of the parties are not part of the record on appeal, and this Court has no authority to consider, on appeal, facts referred to in appellate briefs if those facts are not in the record that is lodged in the appellate court.[5]
Because no evidence of a Medical Review Panel Complaint appears in the record, we have no basis upon which to consider the merits of plaintiffs' argument on appeal. Therefore, based upon the record before us, we cannot say that the trial court erred in granting State Farm's Exception of Prescription in this case. Accordingly, for the foregoing reasons, the judgment of the trial court is affirmed. Costs are assessed against the appellants.
AFFIRMED.
NOTES
[1] LSA-C.C.P. arts. 927 and 928(B).
[2] Bowers v. Orleans Parish Sch. Bd., 95-2530 (La.App. 4 Cir. 5/29/96), 694 So.2d 967, 972.
[3] Id.
[4] Lima v. Schmidt, 595 So.2d 624 (La.1992).
[5] First Nat'l Bank of Commerce v. Keyworth, 98-1255 (La.App. 5 Cir. 6/1/99), 738 So.2d 110.