*138
 
 WALTER J. ROTHSCHILD, Judge.
 

 [ .¿Plaintiff, Jennifer Brunelle, formerly-known as Jennifer Jones, appeals the denial of her Petition to Nullify Orders and Judgment. For the following reasons, we affirm.
 

 PROCEDURAL HISTORY
 

 On June 3, 2009, Jennifer Brunelle filed a Petition to Nullify Orders and Judgments on behalf of herself and her minor child, Haley Jones, case number 673-912 in the 24th Judicial District Court (“the nullity action”), seeking to annul a judgment rendered by another division of the trial court on April 21, 2009. In her petition, Ms. Brunelle asserts that on February 22, 1999, she and Shannon Jones, who were married at the time, commenced a lawsuit entitled
 
 Shannon Jones, et al. v. ABC Insurance Company,
 
 case number 535-525 in the 24th Judicial District Court (“the personal injury action”), seeking damages for injuries sustained by their daughter, Haley, during a surgical procedure on February 20, 1998. According to plaintiff, she and Mr. Jones were divorced on March 24, 1999 after the lawsuit was filed. Ms. Brunelle further states that on February 9, 2006, she and|sMr. Jones filed a Petition for Confirmation of Natural Tu-trix and Natural Undertutor of Haley, case number 628-080 in the 24th Judicial District Court (“the tutorship action”), and the trial judge issued letters of tutorship naming Ms. Brunelle as the natural tutrix of Haley and Mr. Jones as the undertutor.
 

 According to Ms. Brunelle, after two defendants in the personal injury action agreed to settle the claims against them for $8.25 million, Mr. Jones filed a Motion to Establish a Supplemental Trust under 42 U.S.C. § 1396p(d)(4)(A) in the personal injury action, and on April 21, 2009, the trial judge issued a judgment granting the motion to establish the Haley Jones Supplemental Care Trust and naming Franklin Templeton Bank
 
 &
 
 Trust as the trustee. It is this April 21, 1999 judgment that Ms. Brunelle seeks to annul.
 
 [1]
 

 In her Petition to Nullify Orders and Judgments, Ms. Brunelle claims that the April 21, 2009 judgment is an absolute nullity, because the trial judge lacked subject matter jurisdiction to render this judgment. She contends that establishment of a trust could only be done in a tutorship proceeding, that proper venue for a tutorship proceeding in this case is St. Tammany Parish or East Baton Rouge Parish, pursuant to LSA-C.C.P. art. 4031(B), and that venue in a tutorship proceeding is jurisdictional and non-waiva-ble.
 

 On July 7, 2009, Mr. Jones filed a Peremptory Exception of No Right of Action and an Answer to the petition, asserting that the establishment of the trust was not required to be done in a tutorship proceedings and that the division of the trial court in which the personal injury action was pending was the proper court for establishment of the trust.
 

 |4On July 15, 2009, the Petition to Nullify Orders and Judgments came for hearing before the trial judge. After considering the arguments of counsel, the trial judge denied Ms. Brunelle’s Petition to Nullify Orders and Judgments and signed a written judgment denying the petition on that
 
 *139
 
 date. It is from this judgment that plaintiff appeals.
 

 DISCUSSION
 

 On appeal, Ms. Brunelle argues that the trial court erred in denying the Petition to Nullify the April 21, 2009 judgment under LSA-C.C.P. art. 2002(A)(8), because the trial court lacked subject matter jurisdiction to establish the trust for the benefit of Haley and to appoint a trustee. She claims that proper venue and thus, subject matter jurisdiction, lies in the parish where the minor’s parents were divorced, i.e. East Baton Rouge Parish, or the parish of the minor’s domicile and residence, i.e. St. Tammany Parish, pursuant to LSA-C.C.P. art. 4031(B).
 

 Mr. Jones responds that the Petition for Nullity was properly denied, because the April 21, 2009 judgment is not a final judgment, and the Louisiana Code of Civil Procedure provisions regarding actions for nullity apply only to final judgments. LSA-C.C.P. art. 2001 through 2006. Mr. Jones further asserts that Ms. Brunelle filed a writ application with this Court, writ no. 09-C-690, seeking review of the April 21, 2009 judgment rendered in the personal injury action, and the writ application was denied by this Court on October 8, 2009.
 

 After reviewing the record in this matter, it is impossible for this Court to say that the trial court erred in denying Ms. Brunelle’s Petition to Nullify Order and Judgments. The record before us does not contain a copy of the April 21, 2009 judgment or any other documents pertaining to the personal injury action. Furthermore, no evidence or exhibits were introduced or submitted at the hearing |sin this matter. Thus, the record contains no exhibits, documentation, or evidence for this Court to review.
 

 Mr. Jones contends that the judgment complained of is not final and cannot be the subject of a nullity action. Without any evidence pertaining to the personal injury action, we cannot determine if all the merits of that case have been adjudicated and whether or not the judgment complained of is final.
 

 A Court of Appeal is a court of record, which must limit its review to evidence in the record before it and render its judgment upon the record on appeal. LSA-C.C.P. art. 2164;
 
 Hover v. Farber,
 
 05-613, p. 3 (La.App. 5 Cir. 1/31/06), 922 So.2d 637, 638. The record on appeal is that which is sent by the trial court to the appellate court and includes pleadings, court minutes, transcripts, jury instructions, judgments, and other rulings, unless otherwise designated. LSA-C.C.P. art. 2128;
 
 Reed v. Peoples State Bank of Many,
 
 36,531, p. 4-5 (La.App. 2 Cir. 3/5/03), 839 So.2d 955, 958. Memoranda and exhibits which were not filed into evidence in the trial court are not part of the record on appeal.
 
 Id.
 

 It is well-settled that the appellate briefs of the parties are not part of the record on appeal, and this Court has no authority to consider facts referred to in appellate briefs if they are not in the record that is lodged in the appellate court.
 
 Austin v. State Farm Ins. Co,
 
 06-808, p. 5 (La.App. 5 Cir. 3/13/07), 956 So.2d 13, 15,
 
 writ denied,
 
 07-0761 (La.6/1/07), 957 So.2d 178. If a party’s brief asserts facts which are not in the record and refers to exhibits which have not been filed into evidence in the trial court, an appellate court may not consider those memoranda or exhibits, since they are outside the record. LSA-C.C.P. art. 2164;
 
 Reed,
 
 36,531 at 5, 839 So.2d at 958;
 
 Ray Brandt Nissan, Inc. v. Gurvich,
 
 98-634, p. 3 (La.App. 5 Cir. 1/26/99), 726 So.2d 474, 476.
 

 | (Because no evidence of the April 21, 2009 judgment or the personal injury pro
 
 *140
 
 ceedings appears in the record, we have no basis upon which to consider the merits of Ms. Brunelle’s argument on appeal. Therefore, based on the record before us, we cannot say that the trial court erred in denying the Petition to Nullify Orders and Judgments.
 

 DECREE
 

 For the foregoing reasons, we affirm the July 15, 2009 judgment of the trial court, denying plaintiffs’ Petition to Nullify Orders and Judgments.
 

 AFFIRMED.
 

 [1]
 

 . In her Petition to Nullify Orders and Judgments, Ms. Brunelle also sought to annul the letters of tutorship issued in the tutorship proceeding in February 2006. However, at the hearing in this matter on July 15, 2009, counsel for Ms. Brunelle only argued regarding the April 21, 2009 motion & apparently abandoned the claim regarding the February 2006 judgment, stating that it was "fairly a moot issue." Ms. Brunelle also argues solely about the trial court’s failure to annul the April 21, 2009 judgment on appeal.