CHATELAIN, Judge,
concurring.
| ,1 concur in the present case only to express my view on the necessity of assignments of error in cases before the appellate court that do not involve designated portions of the record. Even though there was no assignment of error in the present case involving this issue, there can be no question that this court has the right to address the propriety of the January 9, 2009 order of dismissal “with prejudice” by the trial court.
Louisiana Code of Civil Procedure Article 2129 and its Official Revision Comment read as follows:
Art. 2129. Assignment of errors unnecessary; exception
An assignment of errors is not necessary in any appeal. Where the appellant designates only portions of the record as the record on appeal, he must serve with his designation a concise statement of the points on which he intends to rely, and the appeal shall be limited to those points.
*395 Official Revision Comment — 1960
The jurisprudence has construed Arts. 896 and 897, Code of Practice of 1870, to the effect that where the transcript is certified as containing all the testimony and the grounds for reversal are apparent from the face of the record, no assignment of errors is necessary. Bossier v. Carradine, 18 La.Ann. 261 (1866); In re Fazende, 35 La.Ann. 1145 (1883); Havana American Co. v. Board of Assessors, 105 La. 471, 29 So. 938 (1901).
_k- • • •
Source: Fed.Rule 75(d); cf. C.P. Arts. 896, 897.
As Judge Culpepper noted in his dissent in Mayo v. Nissan Motor Corp. in U.S.A., 93-852, p. 3 (La.App. 3 Cir. 6/22/94), 639 So.2d 773, 792:
Code of Practice of 1970, Article 896 provided that if the copy of the record from the trial court was not certified by the clerk of the lower court as containing all of the testimony adduced, the supreme court would only judge the case on a statement of facts. Article 897 provided that an appellant who did not rely wholly or in part on a statement of facts, an exception to the judge’s opinion, or a special verdict, but on an error of law appearing on the face of the record, would be allowed a period of ten days after the record was brought up to file a statement specifically alleging any errors. The Official Revision Comment under La. Code Civ.P. art. 2129 indicates the jurisprudence under the old Code of Practice Articles construed them to mean that where the transcript is certified as containing all of the testimony and the grounds for reversal are apparent from the face of the record, no assignment of errors was necessary.
As I review this history, it is apparent that La.Code Civ.P. art. 2129 simply codified this jurisprudence.
Moreover, La.Code Civ.P. art. 2164 and the Official Revision Comments thereunder state:
Art. 2164. Scope of appeal and action to be taken; costs
The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. The court may award damages for frivolous appeal; and may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable.
Official Revision Comments — 1960
(a) The purpose of this article is to give the appellate court complete freedom to do justice on the record irrespective of whether a particular legal point or theory was made, argued, or passed on by the court below. This article insures that the “theory of a case” doctrine, which has served to introduce the worst features of the common law writ system into Louisiana is not applicable to appeals under this Code.
_k- • • •
Source: Former R.S. 13:4444; cf. C.P. Arts. 894-897, 902, 905-907.
Under La.Code Civ.P. arts. 2129 and 2164 quoted above, it is clear this court has the right to consider the January 9, 2009 order of dismissal “with prejudice” by the trial court at issue in the present case even though there was no assignment of error in that regard. The entire record in the present case was transcribed. Thus, the appellate court can consider any issue of fact or law presented by that record and, moreover, can render any judgment which is just, legal, and proper upon the record on appeal.
*396 The -writing judge in the present case applies the Uniform Rules of Louisiana— Courts of Appeal, Rule 1-3 that reads as follows:
The scope of review in all cases within the appellate and supervisory jurisdiction of the Courts of Appeal shall be as provided by LSA-Const. Art. 5, § 10(B), and as otherwise provided by law. The Courts of Appeal will review only issues which were submitted to the trial court and which are contained in specifications or assignments of error, unless the interest of justice clearly requires otherwise.
In my view, any conflict between the Uniform Rules and the Code of Civil Procedure would have to be resolved in favor of application of the code.
Although I would reach the January 9, 2009 judgment of dismissal with prejudice issue in the present case, I find it of no moment. I agree that the jurisprudence has uniformly held that dismissals for abandonment under La.Code Civ.P. art. 561 are without prejudice. See., e.g., Richey v. Fetty, 96-2762 (La.App. 1 Cir. 4/8/98), 715 So.2d 1, writ denied, 98-2184 (La.11/13/98), 731 So.2d 257; St. Tammany Parish Sewerage Dist. No. 7 v. Monjure, 95-937 (La.App. 1 Cir. 12/15/95), 665 So.2d 801; Reed v. Peoples State Bank of Many, 36,531 (La.App. 2 Cir. 3/5/03), 839 So.2d 955; Morgan v. Hopkins, 36,506 (La.App. 2 Cir. 10/23/02), 830 So.2d 459, (writ denied, 02-2866 (La.1/31/03), 836 So.2d 71; Total Sulfide Servs., Inc. v. Secorp Indus., Inc., 96-589 (La.App. 3 Cir. 12/11/96), 685 So.2d 514. However, under the peculiar facts of the present case, where Priola made an appearance but never filed responsive pleadings and Rider dismissed its own suit, Rider obtained a judgment it would have received if it had sought to voluntarily dismiss its suit under La. Code Civ.P. art. 1671.