STEWART, J.
liThe plaintiff, Margie B. Morgan (“Margie”), appeals a judgment granting the *559 peremptory exceptions of prescription and no cause of action filed by the defendant, James Stuart Morgan (“James”), in response to her rule to collect alleged past due payments of child support and expenses. For the reasons set forth in this opinion, we find that the trial court erred in sustaining the exception of no cause of action, and we remand for a rehearing of the exception of prescription.
FACTS
On October 18, 2013, Margie filed a rule for contempt in which she alleged that on October 18,1999, the district court ordered James to pay child support in the amount ■of $450 per month beginning that date and further ordered him to pay half of the costs of their children’s extracurricular activities and automobile expenses. Two children were born of the marriage, and both are now adults. Margie alleged that James was in arrears for child support in the amount of $43,620 and for expenses in the amount of $47,574. To satisfy the alleged delinquency, she requested attachment of James’s share of the proceeds from a proposed sale of real estate owned by his family. She attached a copy of the October 18, 1999, divorce judgment to her petition.
The divorce judgment did not include a fixed amount for child support. Instead, it provided that “all agreements of the parties as to child support are herewith approved, recognized, and rendered executo-ry.” The divorce judgment ordered James to pay half the costs related to the children’s extracurricular activities “on a month to month basis upon ^presentation of an itemization of such expenses.” Lastly, the divorce judgment ordered James to pay half the purchase price and upkeep of any automobile bought for the children’s use and all of the automobile insurance.
James responded to the rule for contempt by filing exceptions of prescription, no cause of action, and no right of action. He argued that part of the claim for child support arrearages had prescribed under La. C.C. art. 3501.1 and that Margie had not submitted bills for payment of expenses as required by the divorce judgment.
In opposition to the exception, Margie argued that prescription did not begin to run until the last payment made by James pursuant to the judgment. She further argued that prescription was interrupted by his sporadic payments and by -his acknowledgment of the child support and expenses owed. She referred to an exhibit “Ml,” described as a “check list” made by James, as proof of his acknowledgment.
The trial court heard the exceptions on April 10, 2014. Counsel for the .parties presented arguments. No testimony was offered, and no exhibits were introduced into evidence. The trial court determined that Margie’s claims for child support due prior to October 18, 2003, had prescribed. The trial court also found that Margie would be unable to prove the amount of child support due because no amount had been set in the divorce judgment. Referring to an “exhaustive list” kept by Morgan of what he had paid, the trial court found that the list did not constitute an acknowledgment by Morgan of any set amount that he owed for child support. For these | ¡¡reasons, the trial court rendered a judgment on February 19, 2014, granting the exceptions of prescription and no cause of action and dismissing Margie’s rule with prejudice. She appealed.
DISCUSSION
Margie’s appeal focuses on the trial court’s ruling on James’s exception of prescription. She does not assert that the trial court erred in sustaining the excep *560 tion of no cause of action, but she does implicitly address that issue in her brief. Assignments of error are not necessary in an appeal. La. C.C.P. art. 2129. Appellate courts have the authority to consider issues even in the absence of an assignment of error. Merrill v. Greyhound Lines, Inc., 2010-2827 (La.4/29/11), 60 So.3d 600; Nicholas v. Allstate Ins. Co., 99-2522 (La.8/31/00), 765 So.2d 1017. Thus, we will first consider whether the trial court erred in sustaining the exception of no cause of action.
The peremptory exception of no cause of action questions whether the law extends a remedy to anyone under the factual allegations of the petition. White v. St. Elizabeth B.C. Bd. of Directors, 45,-213 (La.App.2d Cir.6/2/10), 37 So.3d 1139. No evidence may be introduced to support or controvert the exception of no cause of action. La. C.C.P. art. 931. The exception is triable on the face of the petition and attached documents. Moore v. Moore, 427 So.2d 1320 (La.App. 2d Cir.1983); Babineaux v. Kemper Ins. Co., 2001-23 (La.App. 3d Cir.6/6/01), 787 So.2d 572. Each well-pled fact must be accepted as true. Century Ready Mix Corp. v. Boyte, 42,634 (La.App.2d Cir.10/24/07), 968 So.2d 893. A ruling sustaining an 14exception of no cause of action is subject to a de novo review because the exception raises a question of law, and the district court’s decision is based only on the sufficiency of the petition. Id.
In her petition, Margie alleged that James had been ordered to pay child support in the amount of $450 per month beginning on October 18, 1999, one-half of all costs related to their children’s extracurricular activities, and one-half of the purchase price and upkeep of any automobile for the children. She then alleged that James had refused to comply with the order and was in arrears in the amount of $43,620 for child support and $47,574 for expenses. Margie attached to her petition the judgment granting her and James a divorce.
The divorce judgment did not order James to pay $450 per month in child support beginning on October 18, 1999, as alleged by Margie in her petition. However, the judgment states that the parties “are in unanimous and mutual agreement on the matters addressed in said petition.” [1] With regard to child support, the judgment provides that “all agreements of the parties as to child support are herewith approved, recognized, and rendered executory.” This language indicates that the trial court approved some agreement between the parties, even though no fixed amount for child | ^support was set forth in the judgment. We find that the petition states a cause of action for past due child support.
Moreover, the divorce judgment ordered James to pay half of the children’s extracurricular activities “on a month to month basis upon presentation of an itemization of such expenses.” The judgment also ordered him to pay half of the purchase price of an automobile for the children as well as half of the expenses for its upkeep. The divorce judgment clearly set *561 forth James’s obligation to pay certain expenses. In her petition, Margie alleged that James failed to pay $47,574 in expenses. Considering the allegation that James failed to pay expenses along with the judgment ordering him to pay certain expenses, we find that Margie’s petition states a cause of a action for unpaid expenses.
Having found that the trial court erred in sustaining James’s exception of no cause of action, we note that Margie will have to produce evidence beyond the minimal allegations of her petition in order to meet her burden of proof on her claim.
Turning now to the exception of prescription, we find that we are unable to review that exception and render a judgment on the record on appeal. The record on appeal is that sent by the trial court to the appellate court and includes the pleadings, court minutes, transcript, jury instructions, judgments, and other rulings, unless otherwise designated. Reed v. Peoples State Bank of Many, 36,581 (La.App.2d Cir.3/5/03), 839 So.2d 955. Memo-randa and exhibits not filed into evidence in the trial court are not part of the record on appeal. Id. Appellate briefs and exhibits attached to such | fibriefs are not part of the record on appeal, and the appellate court may not rely on facts in the briefs or exhibits thereto which are not part of the record. Id.
Both briefs include factual statements not supported by evidence in the record. They also include attachments that are not part of the record on appeal. Such statements and attachments cannot be reviewed by this court. The exhibit attached to both briefs, though apparently considered by the trial court in making its ruling, was not offered into evidence. Because the trial court improperly based its ruling on evidence not introduced, we are compelled to vacate the judgment granting the exception of prescription and remand for a rehearing on that exception and for the making of an appropriate record for any future appellate review.
CONCLUSION
For the reasons stated, we reverse that part of the judgment sustaining the exception of no cause of action filed by James Morgan. We vacate that part of the judgment sustaining his exception of prescription, and we remand for a rehearing of that exception. Each party is to bear his own costs on appeal.
REVERSED IN PART, VACATED IN PART, and REMANDED.

. In the divorce petition, which is part of the record and was filed on October 18, 1999, Margie asked that child support be set in the amount of $400 per month beginning September 1, 1998, and then increasing to $425 per month beginning September 1, 1999, and $450 per month beginning September 1, 2000. In a pro se answer filed the same day as the divorce petition, James admitted all the allegations of the petition. His answer further provided that he “specifically admits and consents to all allegations as to child custody, child support, visitation, and, in general, all provisions of the joint custody implementation plan filed herewith.” The trial court also signed the divorce judgment that same day.