MOLAISON, J.
Plaintiff/Appellant, Zachary Relan, and Intervenor, The Standard Fire Insurance Company, appeal the trial court's ruling that denied their respective motions for new trial in this automobile accident case. For the reasons that follow, we affirm.
PROCEDURAL HISTORY
On October 14, 2013, appellant, Zachary Relan ("Relan") was a passenger in a vehicle traveling on U.S. Highway 51 though St. John Parish for the purpose of his employment with Shuffle Master, Inc., when that vehicle was struck by a car driven by Lindsay L. Pantaleo ("Pantaleo"), who was acting within the course and scope her employment with the State of Louisiana through the Department of Health and Hospitals ("DHH"). Relan timely filed a petition for damages on April 17, 2014, in the Fortieth Judicial District Court, against DHH and Pantaleo. On July 8, 2014, Relan filed a motion for partial summary judgment on the issue of the defendants' liability for the accident at *448 issue, which the trial court granted on September 10, 2014. On October 20, 2014, The Standard Fire Insurance Company ("Standard") filed a petition for intervention alleging that, as Shuffle Master, Inc.'s workers compensation insurer, it had paid benefits to Relan and was entitled to reimbursement.[1] After several continuances, a jury trial in the matter, solely on the issue of damages, began on August 14, 2017, and lasted through August 16, 2017. At the conclusion of trial, the jury determined that Relan had not suffered any injuries as a result of the October 14, 2013 accident, and accordingly did not award any damages.
On August 30, 2017, Relan filed a motion for new trial which alleged, in summary, that the defendants had omitted a document entitled "New Problem Questionnaire" from a joint exhibit of Relan's medical records introduced at trial. Relan argued in his motion that the exclusion of that particular document helped to bolster the defendants' argument that Relan had not told his medical providers for his October 14, 2013 accident, that he had also undergone treatment for a 2001 car accident. On September 6, 2017, Standard filed a motion for new trial that adopted Relan's arguments. Both motions for a new trial were denied following a hearing on September 27, 2017. Relan thereafter sought a devolutive appeal on November 14, 2017, which was granted on that same date. On November 21, 2017, Standard filed its own motion for a devolutive appeal, which was granted that day.
ASSIGNMENTS OF ERROR[2]
In their first assignment of error, appellants argue that the trial court abused its discretion and denied Relan a fair trial when it allowed the defendants-appellees to add the retained medical expert witness, Christopher Cenac, Sr., M.D. after the discovery deadline date. In a related issue, appellants assert that Relan was prevented from conducting the deposition of Dr. Cenac before trial.
LAW AND ANALYSIS
In the instant case, the record indicates that several pre-trial scheduling orders were issued by the trial court which pertained to different jury trial settings. The first scheduling order, for a proposed April 13, 2015 jury trial date, provided that exhibit and witness lists "shall be exchanged within 90 days prior to trial" by January 19, 2015. All discovery was ordered to be completed "60 days prior to trial" by February 12, 2015. The second scheduling order, for a proposed December 5, 2016 jury trial date, also had the 90-day and 60-day deadlines; however, no specific dates were provided in that order. A third scheduling order, which anticipated a May 8, 2017 jury trial, allotted only 30 days, until March 17, 2017, to complete exhibit and witness lists, and 60 days prior to trial to complete discovery, March 9, 2017.
On May 5, 2017, Relan filed an unopposed motion to continue and reset jury trial on the merits, requesting an August 14, 2017 trial date. The record does not indicate that a new scheduling order was issued in relation to the August trial setting deadlines for the completion of witness lists and discovery. On June 22, 2017, DHH filed, by fax, its fourth supplemental *449 and amended witness exhibit list, which included Dr. Christopher E. Cenac, Sr. as a medical expert witness.[3] No formal objection to the timeliness of DHH's supplemental filing by appellants appears in the record, nor does an objection to Dr. Cenac's inclusion on the witness list appear to have been made. Further, on the eve of trial, appellants had no pending motions in limine pertaining to the exclusion of Dr. Cenac's testimony.
Most importantly, appellants did not object to Dr. Cenac's testimony at the time of trial.
Error may not be predicated on a ruling that admits evidence unless a contemporaneous objection was made, and the ruling affected a substantial right of the party. La. C.E. art. 103(A). For an issue to be preserved for review, a party must make a timely objection and state the specific ground for the objection. The reasons for the objection must be brought to the attention of the trial court to allow it the opportunity to make the proper ruling and prevent or cure any error. Willis v. Noble Drilling (US), Inc. , 11-598 (La. App. 5 Cir. 11/13/12), 105 So.3d 828, 835-36. "It is well established that when a party fails to contemporaneously object to the introduction of objectionable evidence, that party waives the right to complain of the issue on appeal." Aisola v. Beacon Hosp. Mgmt., Inc. , 13-1101 (La. App. 4 Cir. 4/2/14), 140 So.3d 71, 78. On appeal, an appellant is limited to the grounds for objection that he articulated in the trial court and a new basis for the objection may not be raised for the first time on appeal. State v. Grimes , 09-2 (La. App. 5 Cir. 5/26/09), 16 So.3d 418, 424, writ denied , 09-1517 (La. 3/12/10), 28 So.3d 1023.
Accordingly, in this case, where the record before us does not reflect that appellants objected to Dr. Cenac's testimony either before trial or during trial, we find that this issue is not properly before us on appeal.
Dr. Cenac's Deposition
In a related argument, appellants assert that the trial court's alleged error of allowing DHH to untimely add Dr. Cenac to its witness list was compounded when the trial court would not allow them to depose Dr. Cenac prior to trial.[4] Our careful review of the record in this matter does not show that Relan noticed the deposition of Dr. Cenac, or otherwise sought leave from the trial court to depose prior him prior to trial.
*450 A Court of Appeal is a court of record, which must limit its review to evidence in the record before it and render its judgment upon the record on appeal. LSA-C.C.P. art. 2164 ; Hover v. Farber , 05-613 (La. App. 5 Cir. 1/31/06), 922 So.2d 637, 638. The record on appeal is that which is sent by the trial court to the appellate court and includes pleadings, court minutes, transcripts, jury instructions, judgments, and other rulings, unless otherwise designated. LSA-C.C.P. art. 2128 ; Reed v. Peoples State Bank of Many , 36,531 (La. App. 2 Cir. 3/5/03), 839 So.2d 955, 958. Memoranda and exhibits which were not filed into evidence in the trial court are not part of the record on appeal. Id.
It is well-settled that the appellate briefs of the parties are not part of the record on appeal, and this Court has no authority to consider facts referred to in appellate briefs if they are not in the record that is lodged in the appellate court. Austin v. State Farm Ins. Co , 06-808 (La. App. 5 Cir. 3/13/07), 956 So.2d 13, 15, writ denied , 07-0761 (La. 6/1/07), 957 So.2d 178. If a party's brief asserts facts which are not in the record and refers to exhibits which have not been filed into evidence in the trial court, an appellate court may not consider those memoranda or exhibits, since they are outside the record. LSA-C.C.P. art. 2164 ; Reed , 36,531 at 5, 839 So.2d at 958 ; Ray Brandt Nissan, Inc. v. Gurvich , 98-634 (La. App. 5 Cir. 1/26/99), 726 So.2d 474, 476.
Here, appellants' briefs refer to facts which are not in the record before us. Accordingly, appellants' assignment of error pertaining to Dr. Cenac's deposition cannot be considered.
The Missing Exhibit
In their final argument, which served as the basis for the respective motions for new trial, appellants argue that the defendant knowingly and willingly, or through neglect, failed to include as part of a joint exhibit, a medical record entitled "New Problem Questionnaire." Appellants contend that the document is significant as evidence that Relan disclosed to Dr. Shackleton that he had previously undergone physical therapy for an injury sustained in a 2001 car accident.[5] At the hearing on the new trial motion, counsel for DHH asserted that it was Relan who had failed to provide the records at issue for inclusion in the joint exhibit.
Trial courts are vested with the power to grant new trials on either discretionary or peremptory grounds. In the instant case, appellants based their motions for new trial on La. C.C.P. art. 1972, which details peremptory grounds,[6] and La. C.C.P. art. 1973, which provides discretionary grounds for new trial and states that a new trial may be granted in any case if *451 there is good ground therefor, except as otherwise provided by law.[7]
In the instant case, it is not disputed that the "New Patient Questionnaire" had been in Relan's possession for several years before trial, thus it was not newly discovered. It is also not disputed that DHH offered to have all pages of Relan's medical records Bates-labeled, and had possession of the entirety of the medical records for that purpose. Approximately two weeks before trial, after Relan's medical records were Bates-labeled by a vendor, counsel for Appellees circulated the prepared exhibit (on CD), with a letter that requested Relan's approval or supplementation, as appropriate.[8] The record shows that Mr. Relan's counsel gave no indication prior to trial that he was dissatisfied with, or objected to, the prepared exhibit.
In denying the motions for new trial, the District Court first found no evidence that the document in question was intentionally excluded. Next, the court noted that while the evidence was not newly discovered, Dr. Cenac apparently was unaware of it.[9] The court ultimately concluded:
Dr. Cenac's testimony relied largely on his evaluation of the medical records of Zachary Relan by comparing the pathology and images related to the first accident with images taken after the second accident. He concluded that the pathology was virtually identical save for minimal degenerative changes attributable to the normal wear and tear of the body's aging process. The fact finder, in this case the jury, was in the position to weigh Dr. Cenac's testimony in this regard, along with the testimony and evidence put on by the plaintiff, and concluded, after two hours of deliberation, that the accident which was the subject of this litigation did not cause injury to the plaintiff, Zachary Relan.
...
While I personally do not necessarily agree with the jury's conclusion, I do not believe that the omission of the evidence complained of would have altered Dr. Cenac's conclusions regarding causation nor the jury's verdict in reliance upon those conclusions. Simply stated, I cannot conclude that the jury's verdict cannot be supported by any fair interpretation of the evidence. I do not find that the judgment results in a miscarriage of justice.
It appears that appellants specifically take issue with the portion of Dr. Cenac's testimony where he opines that the diagnoses of other doctors who treated appellant after the October 14, 2013 accident were inaccurate because Relan did not disclose the injuries he sustained, or the subsequent treatment he received, following the 2001 accident.[10] Relan's counsel did not *452 object at the time of Dr. Cenac's statement at trial. Nor did Relan attack Dr. Cenac's testimony with questions related to the "New Problem Questionnaire," a document that Relan was clearly aware of and now contends was a cornerstone of his case.
The trial court correctly found that Dr. Cenac's testimony regarding appellant's injuries was made by comparing the pathology and images related to the first accident with images taken after the second accident. To the extent, if any, that Dr. Cenac's opinion about Relan's disclosure about his 2001 accident was incorrect, the jury had the benefit of reviewing the entirety of the medical evidence, which contained information gathered by Relan's treating physicians following the 2013 accident.
While not discussed on direct examination, Relan testified on cross examination at trial that he had been in a prior automobile accident. He was asked about the doctors who treated him in relation to that accident, as well as the injuries he sustained and his course of treatment. Relan was also asked whether he disclosed his prior accident to any of the doctors who were treating him for the most recent accident. That exchange was as follows:
DEFENSE COUNSEL:
Now, again, referring to the eighteen wheeler accident, you didn't tell any of your doctors about that accident, did you?
RELAN:
I want to say I told the doctors about the accident. They asked how long ago it was and I told them it was in 2001. Did you -- are you -- well, did you have pain from that? No.
DEFENSE COUNSEL:
It's your testimony that you told each of your doctors, you saw for this accident, you told all of them about --
RELAN:
Maybe not all of them.
DEFENSE COUNSEL:
the, the -
RELAN:
I, I don't know.
DEFENSE COUNSEL:
Let me finish the question. About the eighteen wheeler accident?
RELAN:
I don't recall.
DEFENSE COUNSEL:
Can you explain why it's not referenced in any of the records, the three or four hundred pages of records we have over there?
RELAN:
I have no idea.
Based on the foregoing, Relan, by his own admission, conceded before the jury that he may not have informed all of his treating physicians about his prior accident.
The trier of fact is not bound by expert testimony; rather, expert testimony must be weighed just as any other evidence. The weight to be accorded to the testimony of experts depends largely on their qualifications and the facts on which they base their opinions. The trial court may evaluate expert testimony by the same principles as apply to other witnesses; it has great discretion to accept or reject medical or lay opinion. Keener v. Mid-Continent Cas. , 01-1357 (La. App. 5 Cir. 4/30/02), 817 So.2d 347, writ denied 02-1498 (La. 9/20/02), 825 So.2d 1175. It is well settled that a court of appeal may not set aside a trial court's or a jury's *453 finding of fact in the absence of "manifest error" or unless it is "clearly wrong," and where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Rosell v. ESCO , 549 So.2d 840, 843 (La.1989). In the instant case, Dr. Cenac's testimony focused on the comparison of Relan's medical records from the first accident and the October 14, 2013 accident. Dr. Cenac opined that the diagnoses of other doctors who treated appellant after the October 14, 2013 accident were inaccurate because Relan did not disclose the injuries he had previously sustained. Relan himself admitted that he possibly did not tell all of his doctors about the past accident, and the medical records in evidence do not indicate that Relan made the disclosure to each of his treating doctors. To the extent that Dr. Cenac's testimony conflicted with Relan's testimony, and the jury chose to believe Dr. Cenac, we find no manifest error.
The applicable standard of review in ruling on a motion for new trial is whether the trial court abused its discretion. Martin v. Heritage Manor South , 00-1023 (La. 4/3/01), 784 So.2d 627, 632. After a review of the record in this matter, and upon the specific facts presented, we find no abuse of the trial court's discretion in denying appellants' motions for a new trial, upon finding that the inclusion of the evidence at issue would not have altered Dr. Cenac's conclusions regarding causation for Relan's injuries.
Based on the foregoing, the trial court's judgment is affirmed.
AFFIRMED

Standard was granted leave by the trial court to file its petition for intervention on October 21, 2014.

On appeal, Standard has essentially adopted all three of Relan's assignments of error. Because the assignments are virtually identical, they will be discussed together in this opinion. Where appropriate, Relan and Standard will hereinafter be referred to together as "appellants."

We note the trial court's pre-trial order, for the May 8, 2017 setting, allotted 30 days before trial for the parties to complete their respective lists. Assuming that the trial court intended to use the same time periods for the August 14, 2017 trial date, then DHH's fourth supplemental and amended witness exhibit list, filed June 22, 2017, was actually produced weeks earlier than required.

Relan states in his memorandum, "On Friday, June 30, 2017, approximately 44 days before trial, a telephonic hearing/status conference was held wherein the trial court denied the motion of the defendants for an independent medical examination of the plaintiff but allowed the defendants to file a 'Fourth Supplemental and Amended Witness list' adding Christopher Cenac, Sr., M. D. as a retained medical expert witness even though the court further held all discovery deadlines had by then passed... Thereafter, undersigned counsel received a telephone call from the law clerk of the trial judge informing the parties the court had ruled the witness and exhibit lists could be supplemented and amended even though the discovery deadline had passed and even though the plaintiff would then be precluded from deposing before trial the then added retained medical expert witness of the defendants, Christopher Cenac, Sr., M.D."
No evidence or documentation of this status conference, or any resulting court order, appears in the record.

As explained by Relan's counsel at the hearing on his motion for new trial, the missing document was important to contradict "the heart of the State's defense" that plaintiff failed to inform his treating physicians of his full medical history and, therefore, the doctors were unable to discern that his injury was suffered in 2001 rather than 2013.

The article, in its entirety, states:
A new trial shall be granted, upon contradictory motion of any party, in the following cases:
(1) When the verdict or judgment appears clearly contrary to the law and the evidence.
(2) When the party has discovered, since the trial, evidence important to the cause, which he could not, with due diligence, have obtained before or during the trial.
(3) When the jury was bribed or has behaved improperly so that impartial justice has not been done.

This has been interpreted to mean that, when the trial judge is convinced by his examination of the facts that the judgment would result in a miscarriage of justice, a new trial should be ordered. See , Smith v. Alliance Compressors , 05-855 (La. App. 3 Cir. 2/1/06), 922 So.2d 674.

The record also reflects email correspondence between the Louisiana Attorney General's Office and counsel for appellants, regarding verification that all records were included in the final exhibit.

Dr. Cenac testified at trial that the plaintiff failed to disclose his prior accident from nearly a dozen years earlier to his treating orthopedic physicians, thus challenging the plaintiff's credibility.

The record demonstrates through the testimony of Dr. Sondes, however, that appellant did not disclose the prior accident in the medical history that was taken. Similarly, physical therapist, Sidney Borne, testified that plaintiff did not disclose a prior accident during treatment. Finally, Dr. Shackleton, whose records are at issue, testified that appellant never told him that he had been in a prior accident in 2001. Notably, appellant did not ask Dr. Shackleton whether he was mistaken that appellant had never told him about a prior accident.